**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **THOMAS ANDERSON, ET AL.** ***Plaintiffs*** | * | **CIVIL ACTION NO.: 24-cv-1157** |
| **VERSUS** | * | **JUDGE:** |
| **CITY OF NEW ORLEANS, ET AL.** ***Defendants*** | * | **MAGISTRATE:** |
| * * * * * * | * | |

**NOTICE OF REMOVAL**

CNA Financial Corporation, ("CNA") hereby gives notice of the removal of that certain action styled *Thomas Anderson, Et Al. v. City of New Orleans, Et al.,* Suit No. 2000-7489, pending in Division "B" on the docket of Civil District Court for the Parish of Orleans, to the United States District Court for the Eastern District of Louisiana. In support of their Notice of Removal, CNA states as follows:

1. This action was commenced by Thomas Anderson, et al. ("Plaintiffs") on May 16, 2000, as a putative class action by filing their Petition for Damages (the "Principal Petition"). The Principal Petition asserts claims against the City of New Orleans seeking damages for alleged exposures to dangerous substances allegedly stored in the basement of a building located at 2400 Canal Street in New Orleans, Louisiana (the "Property").
2. In 2001, Plaintiffs filed their First Amended Petition for Damages and Second Amended Petition for Damages, naming Pan-American Life Insurance Company ("Pan-Am") as a Defendant.
3. Plaintiffs filed their Third Amended Petition for Damages on or about June 22, 2005, naming Poydras Square, Inc. ("PSI") and New Orleans Centre Associates ("NOCA") as additional Defendants.

4. On September 17, 2019, Plaintiffs filed their Fourth Amended Petition for Damages naming Poydras Square Properties, LLC ("PSP") as an additional Defendant.

5. Plaintiffs allege in their principal demand, among other things and subject to their specific wording, that the above-named Defendants are liable to pay damages caused by means of an accident and/or continuous or repeated exposures to conditions, which resulted in Plaintiffs' alleged bodily injuries due to alleged exposures to toxic materials during the time period of August 10, 1982 through December 9, 1999.

6. On March 7, 2024, Chubb-Affiliated Insurers, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"); ACE Property & Casualty Insurance Company ("Ace P&C"); Westchester Fire Insurance Company for itself and with respect to policies notated from International Insurance Company ("Westchester"); ACE Fire Underwriters Insurance Company formerly known as CIGNA Fire Underwriters Insurance Company formerly known as Aetna Fire Underwriters Insurance Company ("ACE Fire"); Federal Insurance Company ("Federal"); and Great Northern Insurance Company ("Great Northern") (all collectively "Chubb Insurers") filed a Complaint for Declaratory Judgment in the United States District Court for the Eastern District of Louisiana, civil action no. 24-cv-00584, seeking a declaration regarding their duty to defend and/or indemnify Pan-Am, if any, for claims asserted against it in the Principal Petition.

7. On April 5, 2024, Defendant Pan-Am filed a separate Third-Party Petition, naming its alleged liability insurers, Century Indemnity Company ("Century"), ACE Property & Casualty Insurance Company ("ACE P&C"), Westchester Fire Insurance Company ("Westchester"), ACE Fire Insurance Company ("ACE Fire"), Federal Insurance Company

("Federal"), Great Northern Insurance Company ("GNIC"), CNA, American Casualty of Reading, PA ("American"), Transcontinental Insurance Company ("Transcontinental"), "American Intenation Group, Inc."[1] ("AIG"), Lexington Insurance Company ("Lexington"), Travelers Casualty and Surety Company ("Travelers"), and The Travelers Indemnity Company, as successor by merger with Gulf Insurance Company, improperly named as Gulf International ("Gulf") as Third-Party Defendants (collectively, "Third-Party Insurer Defendants").

8. Pan-Am's Third-Party Petition seeks a Declaratory Judgment defining the rights and obligations of each Third-Party Insurer Defendant under each of the alleged liability policies allegedly issued to Pan-Am between the years 1982 and 1999, including without limitation: the scope of insurance coverages provided thereby; the applicability of inapplicability of asserted policy exclusion(s), including the so called "pollutants exclusions," each Third-Party Insurer Defendant's obligation to provide a defense or contribute to defense costs and expenses therein, and, with regard to any potential liability on behalf of Pan-Am to the Plaintiffs which may be determined at the trial of the principal demand, the measure and the amount of indemnity for same under the allegedly applicable policies.

9. To date, no Third-Party Defendant Insurer has filed responsive pleadings to Pan-Am's Third-Party Petition.

---

[1] Pan-Am erroneously named as an "AIG Defendant" the non-existent "American Intenation [*sic*] Group" alleging it issued a specific umbrella policy that was instead issued by National Union Fire Insurance Co. of Pittsburgh, Pa., the proper name of the defendant.

10. On April 5, 2024, the same date that Pan-Am filed its Third-Party Petition, Pan-Am contemporaneously filed its Unopposed Motion to Sever for Separate Trial Insurance Coverage Actions Asserted in Third-Party Petition.

11. In its Motion to Sever, Pan-Am requested that the state court sever its Third-Party Petition from the Principal Petition in order to avoid potential delays as to the progress of Plaintiffs' principal demands and avoid complicating the upcoming trial of the main demand with issues of insurance coverage.[2]

12. On April 9, 2024, the state court granted Pan-Am's Unopposed Motion to Sever for Separate Trial Insurance Coverage Actions Asserted in Third-Party Petition. A Third-Party action that has been severed from the main demand may be removed pursuant to 28 U.S.C. § 1441. *See Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (1970).

13. The United States District Court for the Eastern District of Louisiana is the court embracing the place wherein such action is pending in state court.

14. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. § 1332, 1441 and 1446.

**Diversity of Citizenship**

15. This action is properly removed to this Court pursuant to 28 U.S.C. § 1332. Plaintiff, Pan-Am is a Louisiana corporation with its principal place of business in Louisiana. The Third-Party Insurer Defendants are all corporations whose citizenship is determined by the location of their principal places of business and states of incorporation which are as follows: Century is a Pennsylvania corporation with its principal place of business in

[2] A trial of the claims of the first "flight" of plaintiffs against Pan-Am is currently underway in the state court.

Pennsylvania; ACE P&C is a Pennsylvania corporation with its principal place of business in Pennsylvania; Westchester is a Pennsylvania corporation with its principal place of business in Pennsylvania; ACE Fire is a Pennsylvania corporation with its principal place of business in Pennsylvania; Federal is an Indiana corporation with its principal place of business in New Jersey; GNIC is an Indiana corporation with its principal place of business in New Jersey; CNA is a Delaware corporation with its principal place of business in Illinois; American is a Pennsylvania corporation with its principal place of business in Illinois; Transcontinental is a New York corporation with its principal place of business in Illinois; National Union Fire Insurance Co. of Pittsburgh, Pa., improperly named as the non-existent "AIG Intenation Group"[3] is a Pennsylvania corporation with its principal place of business in New York; Lexington is a Massachusetts corporation with its principal place of business in New York; Travelers is a Connecticut corporation with its principal place of business in Connecticut; Gulf is a Connecticut corporation with its principal place of business in Connecticut. Therefore, diversity of citizenship exists and removal of Pan-Am's third-party claims against Third-Party Insurer Defendants is appropriate.

**Amount in Controversy**

16. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[4] In the Principal Petition, the 1,061 underlying Plaintiffs have asserted claims for bodily injury related to the alleged

---

[3] *See* n. 1. Pan-Am incorrectly alleged the non-existent "American Intenation Group" was a Delaware corporation with its principal place of business in New York.

[4] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-83 (5th Cir. 2002).

exposure to toxic substances. The Plaintiffs collectively have made a settlement demand for their alleged bodily injuries in excess of $200 million. While Third-Party Insurer Defendants and Pan-Am deny that Pan-Am is liable to the Plaintiffs, Pan-Am seeks indemnity (and defense) from the Third-Party Insurer Defendants for any amounts found to be due. With the 1,061 Plaintiffs collectively pursuing Pan-Am for $200 million, Pan-Am's indemnity claim alone against the Third-Party Insurer Defendants far exceeds $75,000.

**Timeliness**

17. This pleading is filed within 30 days of service of Pan-Am's Third-Party Petition on the last-served Third-Party Insurer Defendant and the amount in controversy meets the minimum threshold to maintain diversity jurisdiction because no insurer has been served with the Third-Party Petition. Therefore under 28 U.S.C. § 1446(b), this removal is timely.

**Consent to Removal by All Other Third-Party Insurer Defendants**

18. Attached hereto as Exhibit "A", *in globo*, are the Consents to Removal from all other Third-Party Insurer Defendants.

**Removal**

19. As shown above, this civil action is one in which the Court has original jurisdiction pursuant to 28 U.S.C. §1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Therefore, this action may be removed pursuant to 28 U.S.C. §1441.

20. Pursuant to 28 U.S.C. §1446(d), Pan-Am is being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

21. The removing Third-Party Insurer Defendants attach a copy of the entire record of Pan-Am's Third-Party Petition, which has been severed from the Principal Petition, including a copy of all process, pleadings, and orders served upon them at the time of removal.[5] In accordance with 28 U.S.C. § 1446(a) and Local Rule 3.2, the removing Third-Party Insurer Defendants will file a separate list of the parties remaining in the action within 14 days of this Notice of Removal.

22. Consistent with the provisions of 28 U.S.C. §1446(d), no further proceedings related to the Third-Party Petition shall occur in this matter in the Civil District Court for the Parish of Orleans, State of Louisiana.

23. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, CNA Financial Corporation respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because (1) the state court severed Pan-Am's Third-Party Petition from the Principal Petition creating a separate action from the Principal Petition; (2) the parties are completely diverse; and (3) the jurisdictional amount has been met.

---

[5] 28 U.S.C. §1446(a), attached in globo as **Exhibit B**.

Respectfully submitted,

***/s/ Richard G. Duplantier, Jr.***

**RICHARD G. DUPLANTIER, JR. (#18874)**
**JENNIFER R. BUCKINGHAM (#33636)**
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
***Counsel for Third-party Defendants, CNA Financial Corporation, American Casualty Company of Reading, PA, and Transcontinental Insurance Company***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 6th day of May, 2024, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

***/s/ Richard G. Duplantier, Jr.***

**RICHARD G. DUPLANTIER, JR.**