8408-11363

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489

DIVISION 'B'

THOMAS ANDERSON, ET AL

VERSUS

CITY OF NEW ORLEANS

**CROSS-CLAIM**

FILED:_____

_____
DEPUTY CLERK

The cross-claim of NID Corporation against Pan American Life Insurance Company represents:

1.  NID Corporation and Pan American Life Insurance Company are defendants in the instant matter.

2.  NID Corporation has denied any and all liability.

3.  In the alternative, NID Corporation represents, if it is found responsible to plaintiffs in damages, which responsibility is specifically denied, it is entitled to indemnity from Pan American Life Insurance Company for any sums which it might be required to pay, and including attorney's fees, interest and costs, irrespective of the outcome of the principal demand, or alternatively contribution.

4.  NID Corporation represents Pan American Life Insurance Company placed the chemicals and substances to which plaintiffs claim exposure in the building and owned the chemicals and substances before and after the sale of the property to Poydras Square Associates.

5.  NID Corporation represents Pan American Life Insurance Company was at fault in improperly storing the chemicals and substances to which plaintiffs claim exposure, failing to remove them prior to its sale of the property, and in other respects to be shown at trial.

6.  NID Corporation represents if it has any liability for damages to plaintiffs, such liability is constructive, vicarious, technical and/or derivative, and any fault on its part is passive

EXHIBIT "B" *in globo*

VERIFIED

and not active.  The fault of Pan American Life Insurance Company is primary and active.

WHEREFORE, NID Corporation prays that all claims of plaintiffs against it be dismissed with prejudice and at their cost.  Alternatively, it prays for a judgment over and against Pan American Life Insurance Company for any damages which it might be required to pay, and including attorney's fees, interest and costs, irrespective of the outcome of the principal demand, or alternatively, contribution.

JOHN A. STEWART, JR. (#8164)
HULSE & WANEK
1010 Common Street, Suite 2800
New Orleans, LA 70112
(504) 524-6221   FAX: (504) 529-4106

PLEASE SERVE:
PAN AMERICAN LIFE INSURANCE COMPANY
Through its attorney of record:
Darryl J. Foster
Lemle & Kelleher
601 Poyras Street, 21st Floor
New Orleans, LA 70130

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing pleading has been served upon all parties through their attorney(s) of record by:   ☐ transmitting same via facsimile,  ☐ by hand  and/or  ☒ depositing same in the United States mail, properly addressed and postage pre-paid this ____ day of _____.

-2-

713

FILED

2024 APR -5 P 12: 41

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                    DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____            _____

                                                                DEPUTY CLERK

**DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY'S *UNOPPOSED* MOTION FOR LEAVE TO FILE THIRD-PARTY PETITION**

      Defendant and prospective Third-Party Plaintiff, Pan-American Life Insurance Company ("PALIC"), respectfully moves this Honorable Court for leave under La. C.C.P. arts. 1033 and 1111 to file a *Third-Party Petition* against its liability insurers who have a duty to defend and indemnity PALIC against and for all or part of the Plaintiffs' principal demands; and in support, PALIC shows as follows:

1.

      PALIC tendered Plaintiffs' claims asserted in the principal demand to its liability insurers.  In response, the insurers wrongfully failed or refused to perform fully their obligations under their insurance policies, including by disclaiming coverage or by asserting improper reservations of rights.

2.

      Although PALIC denies all liability to Plaintiffs in the principal demand, should PALIC be found legally liable for any of the Plaintiffs' claims, PALIC seeks to recover via incidental demand defense and indemnity for such claims from one or more of its insurers under the liability policies those insurers issued to PALIC.

3.

      PALIC is also filing an Unopposed Motion to Sever for Separate Trial Insurance Coverage Actions Asserted in Third-Party Petition.  Assuming that motion is granted, the requested leave to file PALIC's third-party petition will not retard the progress of the principal action.

VERIFIED

5430095.1

4/5/24

4.

Undersigned counsel has conferred with counsel of record for all parties remaining in the proceeding, *i.e.,* Plaintiffs and NID Corporation, and confirmed that those parties consent to PALIC filing its *Third-Party Petition*.  Accordingly, this motion is presented to the Court as unopposed.

WHEREFORE, Pan-American Life Insurance Company prays that this *unopposed* motion for leave be granted and that its proposed *Third-Party Petition* be accepted for filing.

Respectfully submitted,



Wayne J. Lee (La. Bar No. 07916)
Michael Q. Walshe, Jr. (La. Bar No. 23968)
Emily A. Hickman (La. Bar No. 39909)
STONE PIGMAN WALTHER WITTMANN LLC
909 Poydras Street, Suite 3150
New Orleans, Louisiana  70112
Telephone:  (504) 581-3200
*wlee@stonepigman.com*
*mwalshe@stonepigman.com*
*ehickman@stonepigman.com*

**Attorneys for Third-Party Plaintiff,
Pan-American Life Insurance Company
(for the purpose of the insurance claims
asserted in its third-party petition)**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Unopposed* Motion for Leave to File Third-Party Petition has been served upon all counsel of record by email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 5th day of April, 2024.

5439095v.1



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                              DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

DEPUTY CLERK

## ORDER

Considering the foregoing *Defendant Pan-American Life Insurance Company's Unopposed Motion for Leave to File Third-Party Petition*;

**IT IS ORDERED** that the motion is granted;

**IT IS FURTHER ORDERED** that the request leave is granted for its filing and that Pan-American Life Insurance Company's proposed *Third-Party Petition* be accepted and deemed properly filed.

New Orleans, Louisiana, this ___ day of April, 2024.


_____

JUDGE



5439095v.1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                          DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

                                                      DEPUTY CLERK

### THIRD-PARTY PETITION

Pan-American Life Insurance Company ("PALIC"), as Third-Party Plaintiff, files this third-party petition against its liability insurers who have a duty to defend and indemnify PALIC against and for all or part of the Plaintiffs' principal demands, representing upon information and belief as follows:

1.

Made Third-Party Defendants are:

(a) Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), a Pennsylvania corporation with its principal place of business in Pennsylvania, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(b) ACE Property & Casualty Insurance Company ("ACE P&C"), a Pennsylvania Corporation with its principal place of business in Pennsylvania, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(c) Westchester Fire Insurance Company for itself and with respect to policies notated from International Insurance Company ("Westchester"), a Pennsylvania corporation with its principal place of business in Pennsylvania, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(d)     ACE Fire Underwriters Insurance Company formerly known as CIGNA Fire Underwriters Insurance Company formerly known as Aetna Fire Underwriters Insurance Company ("ACE Fire"), a Pennsylvania corporation with its principal place of business in Pennsylvania, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(e)     Federal Insurance Company ("Federal"), an Indiana corporation with its principal place of business in New Jersey, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(f)     Great Northern Insurance Company ("Great Northern"), an Indiana corporation with its principal place of business in New Jersey, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(g)     CNA Financial Corporation ("CNA"), a Delaware corporation with its principal place of business in Illinois, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(h)     American Casualty of Reading PA ("American Casualty"), a Pennsylvania corporation with its principal place of business in Illinois, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(i)     Transcontinental Insurance Company ("Transcontinental"), a New York corporation with its principal place of business in Illinois, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(j)     American Intenation Group, Inc. ("AIG"), a Delaware corporation with its principal place of business in New York, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

- 2 -

(k)    Lexington Insurance ("Lexington"), a Massachusetts corporation with its principal place of business in Massachusetts, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(l)    Travelers Casualty and Surety Company ("Travelers"), a Minnesota corporation with its principal place of business in Connecticut, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana; and

(m)    Gulf International ("Gulf"), upon information and belief, a Connecticut corporation with its principal place of business in Missouri, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana.

Century, ACE P&C, Westchester, ACE Fire, Federal, and Great Northern will be referred to collectively as the "Brandywine Defendants"; CNA, American Casualty, and Transcontinental will be referred to collectively as the "CNA Defendants"; AIG and Lexington will be referred to collectively as the "AIG Defendants"; and Travelers and Gulf will be referred to collectively as the "Travelers Defendants." The Brandywine Defendants, CNA Defendants, AIG Defendants, and Travelers Defendants are sometimes referred to collectively as "Third-Party Insurer Defendants" or each/any individually as a "Third-Party Insurer Defendant".

2.

On May 16, 2000, Plaintiffs initiated the principal demands herein against the City of New Orleans ("the City") as a putative class action by filing their Petition for Damages asserting claims seeking damages for alleged exposures to dangerous substances allegedly stored in the basement of a building located at 2400 Canal Street in New Orleans, Louisiana referred to as the City Hall Annex (the "Property"). Plaintiffs alleged that the exposure to the dangerous substances started in 1982 and continued until December 1999.

3.

During 2001, Plaintiffs filed their First Amended Petition and Second Amended Petition naming PALIC as defendant and seeking damages for alleged exposure to dangerous substances allegedly stored in the Property.

- 3 -

5435247v.3

4.

Plaintiffs filed their Third Amended Petition on or about June 22, 2005, naming Poydras Square, Inc. ("PSI") and New Orleans Centre Associates ("NOCA") as additional defendants from which Plaintiffs seek damages for alleged exposure to dangerous substances allegedly stored in the Property.

5.

On September 27, 2019, Plaintiffs filed their Fourth Amended Petition herein naming "Poydras Square Properties, LLC (NID Corporation)" as an additional defendant from which Plaintiffs seek damages for alleged exposure to dangerous substances allegedly stored in the Property.

6.

Plaintiffs allege in their principal demand, among other things and subject to their specific wording, that PALIC is liable to pay damages caused by means of an accident and/or continuous or repeated exposures to conditions, which resulted in Plaintiffs' alleged bodily injuries due to alleged exposures to toxic materials during the time period of August 10, 1982 through December 9, 1999.

7.

PALIC denies liability for Plaintiffs' alleged claims and damages and reiterates and reavers by reference all of its denials and defenses to same set forth in its Defendant Pan-American Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' Fourth Amended Petition filed herein.  To the extent PALIC is liable for Plaintiffs' claims herein, however, the Third-Party Insurer Defendants owe PALIC indemnity therefore or payment thereof in accordance with the terms of their respective liability insurance policies issued to PALIC.

8.

The Brandywine Defendants issued various liability insurance policies, which, subject to their terms, conditions, limitations and exclusions, insure PALIC and pursuant to which, if PALIC is found liable to Plaintiffs, the Brandywine Defendants are or will be obligated to indemnify PALIC (and/or be liable to Plaintiffs directly) for all or part of Plaintiffs' principal

5435247v.3

demands herein against PALIC, including without limitation the following (the "Brandywine Policies"):

(a)    Aetna Policy No. SMP02-15-79 with a policy period of May 26, 1980 to December 26, 1983;

(b)    Aetna Policy No. OBPD08585660 with a policy period of May 26, 1983 to May 26, 1986;

(c)    ACE Policy No. 3529-36-20 with a policy period of January 1, 1994 to January 1, 1995;

(d)    ACE Policy No. 3529-36-20 73197587 with a policy period of January 1, 1995 to January 1, 1996;

(e)    ACE Policy No. 3529-36-20 with a policy period of January 1, 1996 to January 1, 1997;

(f)    Great Northern Policy No. 3529-36-20 with a policy period of January 1, 1997 to January 1, 1998;

(g)    Great Northern Policy No. 3529-36-20 with a policy period of January 1, 1998 to January 1, 1999;

(h)    Great Northern Policy No. 3529-36-20 with a policy period of January 1, 1999 to January 1, 2000;

(i)    Great Northern Policy No. 3529-36-20 with a policy period January 1, 2000 to January 1, 2001;

(j)    ACE Umbrella Policy No. 524-210436-9 with a policy period of January 1, 1992 to January 1, 1993;

(k)    ACE Umbrella Policy No. XOO G17120682 with a policy period of January 1, 1994 to December 31, 1995;

(l)    Westchester Umbrella Policy No. CUA-102537-0 with a policy period of January 1, 1996 to January 1, 1997;

(m)    Westchester Umbrella Policy No. CUA-102537 with a policy period of January 1, 1997 to January 1, 1998;

(n)    ACE Excess Policy No. 7909-19-19 with a policy period of May 26, 1987 to May 26, 1988;

(o)    ACE Excess Policy No. (89) 7909-19-19 with a policy period of May 26, 1988 to May 26, 1989;

(p)    ACE Excess Policy No. (90) 7909-19-19 with a policy period of May 26, 1989 to May 26, 1990;

(q)    ACE Excess Policy No. (91) 7909-19-19 with a policy period of May 26, 1990 to January 1, 1991;

(r)    ACE Excess Policy No. (92) 7909-19-19 with a policy period of January 1, 1991 to January 1, 1992;

5435247v.3

(s)     ACE Excess Policy No. (93) 7909-19-19 with a policy period of January 1, 1992 to January 1, 1993;

(t)     ACE Excess Policy No. (94) 7909-19-19 with a policy period of January 1, 1993 to January 1, 1994;

(u)     ACE Excess Policy No. (95) 7909-19-19 with a policy period of January 1, 1994 to January 1, 1995;

(v)     ACE Excess Policy No. (96) 7909-19-19 with a policy period of January 1, 1995 to January 1, 1996;

(w)     ACE Excess Policy No. (97) 7909-19-19 with a policy period of January 1, 1996 to January 1, 1997; and

(x)     ACE Excess Policy No. (98) 7909-19-19 with a policy period of January 1, 1997 to January 1, 1998.

9.

The CNA Defendants issued various liability insurance policies, which, subject to their terms, conditions, limitations and exclusions, insure PALIC and pursuant to which, if PALIC is found liable to Plaintiffs, the CNA Defendants are or will be obligated to indemnify PALIC (and/or be liable to Plaintiffs directly) for all or part of Plaintiffs' principal demands herein against PALIC, including without limitation the following (the "CNA Policies"):

(a)     Policy No. OAC 400215437 with policy periods of May 26, 1986 to May 26, 1987 and June 20, 1986 to June 20, 1987;

(b)     Policy No. OAC 400215437 with policy periods of May 26, 1987 to May 26, 1988 and June 20, 1987 to June 20, 1988;

(c)     Policy No. OF 400215437 with a policy period of June 20, 1988 to June 20, 1989;

(d)     Transcontinental Policy No. OF 400215437 with a policy period of June 20, 1989 to June 20, 1990;

(e)     Transcontinental Policy No. OF 6673960 with a policy period of January 1, 1990 to January 1, 1991;

(f)     Transcontinental Policy No. OF 6673960 with a policy period of January 1, 1991 to January 1, 1992;

(g)     Transcontinental Policy No. OF 6673960 with a policy period of January 1, 1992 to January 1, 1993;

10.

The AIG Defendants issued various liability insurance policies, which, subject to their terms, conditions, limitations and exclusions, insure PALIC and pursuant to which, if PALIC is found liable to Plaintiffs, the AIG Defendants are or will be obligated to indemnify PALIC

5435247v.3

(and/or be liable to Plaintiffs directly) for all or part of Plaintiffs' principal demand herein against

PALIC, including without limitation the following (the "AIG Policies"):

    (a)    Lexington Umbrella Policy No. 5101682 with a policy period of May 26, 1987 to May 26, 1988;

    (b)    Lexington Umbrella Policy No. 5104957 with a policy period of May 26, 1989 to May 26, 1990;

    (c)    Lexington Umbrella Policy No. 5104983 with a policy period of May 26, 1990 to January 1, 1991;

    (d)    Lexington Umbrella Policy No. 5107806 with a policy period of January 1, 1991 to January 1, 1992;

    (e)    Lexington Umbrella Policy No. unknown with a policy period of January 1, 1994 to January 1, 1995; and

    (f)    AIG Umbrella Policy No. BE 3097117 with a policy period of January 1, 1995 to January 1, 1996.

11.

The Travelers Defendants issued various liability insurance policies, which, subject

to their terms, conditions, limitations and exclusions, insure PALIC and pursuant to which, if

PALIC is found liable to Plaintiffs, the Travelers Defendants are or will be obligated to indemnify

PALIC (and/or be liable to Plaintiffs directly) for all or part of Plaintiffs' principal demand herein

against PALIC, including without limitation the following (the "Travelers Policies"):

    (a)    Gulf Umbrella Policy No. CU6078474 with a policy period of January 1, 1998 to January 1, 1999;

    (b)    Gulf Umbrella Policy No. CU0283393 with a policy period of January 1, 1999 to January 1, 2000; and

12.

The policies issued by the Third-Party Insurer Defendants were in effect during the

period that the Plaintiffs allege they were exposed to harmful chemicals through the date that

PALIC was named as a defendant.  Because some or all of the Plaintiffs' allegations of their

principal demands against PALIC, as amended, if proven true, would be covered under the policies

issued by Third-Party Insurer Defendants, Plaintiff's allegations herein triggered the Third-Party

Insurer Defendants' obligations under their respective policies to defend and indemnify PALIC in

this action.

- 7 -

13.

PALIC tendered Plaintiffs' claims to the Third-Party Insurer Defendants.

14.

The Brandywine Defendants agreed to pay a portion of PALIC's defense costs but have asserted a reservation of rights as to coverage, including *inter alia* the assertion that the claims are not covered because of the pollution exclusion in the policies.  The Brandywine Defendants also filed a declaratory judgment complaint against PALIC in the United States District Court for the Eastern District of Louisiana (No. 2:24-cv-00584), seeking an order declaring PALIC's rights under the Brandywine Policies.

15.

The CNA Defendants agreed to pay a portion of PALIC's defense costs but have asserted a reservation of rights as to coverage.  CNA has acknowledged that PALIC has produced secondary evidence of CNA policies issued to PALIC but asserts that it has found no policy documents providing coverage to PALIC and that PALIC has not provided any policy documents to the CNA Defendants.

16.

The AIG Defendants have denied coverage and are not paying any portion of PALIC's defense costs, asserting that the AIG Policies are all excess policies and that there has been no indication that the underlying limits of insurance have been exhausted.

17.

The Travelers Defendants have denied coverage and are not paying any portion of PALIC's defense costs.  The Travelers Defendants have asserted that the remaining policies are excess policies and that there has been no indication that the underlying limits of insurance have been exhausted.

**Declaratory Judgment**

18.

PALIC realleges each and every allegation set forth in Paragraphs 1 through 17, inclusive.

5435247v.3

19.

An actual controversy has arisen and now exists between PALIC and each Third-Party Insurer Defendant relating to the duty of each to honor and perform its insurance policies. A declaratory judgment is therefore necessary, and PALIC asks for a declaratory judgment, defining the rights of PALIC and the obligations of each Third-Party Insurer Defendant under each of its liability policies insuring PALIC, including without limitation:  the scope of the insurance coverages provided thereby; the applicability or inapplicability of asserted policy exclusion(s), including the so called "pollution exclusions"; each Third-Party Defendant's obligation to provide a defense or contribute to defense costs and expenses herein; and, with regard to any potential liability of PALIC to the Plaintiffs which may be determined at the trial of the principal demand herein, the measure and the amount of indemnity for same under the applicable policies.

## PRAYER

WHEREFORE, Defendant/Third Party-Plaintiff, Pan-American Life Insurance Company, prays:

A.     That Third-Party Insurer Defendants, the Brandywine Defendants, CNA Defendants, AIG Defendants, and Travelers Defendants, be duly cited and served with citation and a certified copy of this copy of this Third-Party Petition, as well as the underlying Plaintiff's Petition and all amendments thereto;

B.     That there be judgment dismissing Plaintiffs' claims against PALIC with prejudice at Plaintiffs' sole cost; alternatively, should PALIC be found legally liable to Plaintiffs herein at trial, PALIC prays for a judgment awarding it indemnity from the Third- Party Insurer Defendants under the terms of their insurance policies and/or entry of a judgment ordering the Third-Party Insurer Defendants to pay such claims on PALIC's behalf in accordance with their policies.

C.     That after due proceedings be had, that there be judgment rendered herein declaring the rights of PALIC and the obligations of the Third-Party Insurer Defendants, under each of their issued insurance

5435247v.3

policies with respect to its construction, the insurance coverage provided thereunder for PALIC with respect to Plaintiff's claims herein, PALIC's right to a legal defense and payment of insurance proceeds for Plaintiffs' claims, and the measure and the amount of same, and that the Third-Party Insurer Defendants are obligated to provide PALIC a full and complete legal defense and indemnity of Plaintiffs' claims in accordance with the terms of the policies and the law;

D.   For recovery of all such other and further general and specific relief in law or equity as the justice of this cause may require and permit.

Filed this 5th day of April 2024.

Respectfully submitted,

Wayne J. Lee (La. Bar No. 07916)
Michael Q. Walshe, Jr. (La. Bar No. 23968)
Emily A. Hickman (La. Bar No. 39909)
STONE PIGMAN WALTHER WITTMANN LLC
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
*wlee@stonepigman.com*
*mwalshe@stonepigman.com*
*ehickman@stonepigman.com*

**Attorneys for Third Party Plaintiff,
Pan-American Life Insurance Company**

**PLEASE HOLD SERVICE**

5435247v.3

FILED

2024 APR -5 PM 12: 41

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                    DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

                                                                        DEPUTY CLERK

**DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY'S *UNOPPOSED***
**MOTION FOR LEAVE TO FILE THIRD-PARTY PETITION**

   Defendant and prospective Third-Party Plaintiff, Pan-American Life Insurance

Company ("PALIC"), respectfully moves this Honorable Court for leave under La. C.C.P. arts.

1033 and 1111 to file a *Third-Party Petition* against its liability insurers who have a duty to defend

and indemnity PALIC against and for all or part of the Plaintiffs' principal demands; and in support,

PALIC shows as follows:

1.

   PALIC tendered Plaintiffs' claims asserted in the principal demand to its liability

insurers.  In response, the insurers wrongfully failed or refused to perform fully their obligations

under their insurance policies, including by disclaiming coverage or by asserting improper

reservations of rights.

2.

   Although PALIC denies all liability to Plaintiffs in the principal demand, should

PALIC be found legally liable for any of the Plaintiffs' claims, PALIC seeks to recover via

incidental demand defense and indemnity for such claims from one or more of its insurers under

the liability policies those insurers issued to PALIC.

3.

   PALIC is also filing an Unopposed Motion to Sever for Separate Trial Insurance

Coverage Actions Asserted in Third-Party Petition.  Assuming that motion is granted, the

requested leave to file PALIC's third-party petition will not retard the progress of the principal

action.

5459095v.1

VERIFIED 4/5/24

4.

Undersigned counsel has conferred with counsel of record for all parties remaining in the proceeding, *i.e.,* Plaintiffs and NID Corporation, and confirmed that those parties consent to PALIC filing its *Third-Party Petition*.  Accordingly, this motion is presented to the Court as unopposed.

WHEREFORE, Pan-American Life Insurance Company prays that this *unopposed* motion for leave be granted and that its proposed *Third-Party Petition* be accepted for filing.

Respectfully submitted,



_____

Wayne J. Lee (La. Bar No. 07916)
Michael Q. Walshe, Jr. (La. Bar No. 23968)
Emily A. Hickman (La. Bar No. 39909)
STONE PIGMAN WALTHER WITTMANN LLC
909 Poydras Street, Suite 3150
New Orleans, Louisiana  70112
Telephone:  (504) 581-3200
*wlee@stonepigman.com*
*mwalshe@stonepigman.com*
*ehickman@stonepigman.com*

**Attorneys for Third-Party Plaintiff,
Pan-American Life Insurance Company
(for the purpose of the insurance claims
asserted in its third-party petition)**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Unopposed* Motion for Leave to File Third-Party Petition has been served upon all counsel of record by email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 5th day of April, 2024.

_____

5439095v.1



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                                    DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____
                                                                        DEPUTY CLERK

**ORDER**

Considering the foregoing *Defendant Pan-American Life Insurance Company's Unopposed Motion for Leave to File Third-Party Petition*;

**IT IS ORDERED** that the motion is granted;

**IT IS FURTHER ORDERED** that the request leave is granted for its filing and that Pan-American Life Insurance Company's proposed *Third-Party Petition* be accepted and deemed properly filed.

New Orleans, Louisiana, this ___ day of April, 2024.

_____
JUDGE



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                        DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

                                                              DEPUTY CLERK

### THIRD-PARTY PETITION

Pan-American Life Insurance Company ("PALIC"), as Third-Party Plaintiff, files this third-party petition against its liability insurers who have a duty to defend and indemnify PALIC against and for all or part of the Plaintiffs' principal demands, representing upon information and belief as follows:

1.

Made Third-Party Defendants are:

(a)  Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), a Pennsylvania corporation with its principal place of business in Pennsylvania, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(b)  ACE Property & Casualty Insurance Company ("ACE P&C"), a Pennsylvania Corporation with its principal place of business in Pennsylvania, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(c)  Westchester Fire Insurance Company for itself and with respect to policies notated from International Insurance Company ("Westchester"), a Pennsylvania corporation with its principal place of business in Pennsylvania, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(d)    ACE Fire Underwriters Insurance Company formerly known as CIGNA Fire Underwriters Insurance Company formerly known as Aetna Fire Underwriters Insurance Company ("ACE Fire"), a Pennsylvania corporation with its principal place of business in Pennsylvania, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(e)    Federal Insurance Company ("Federal"), an Indiana corporation with its principal place of business in New Jersey, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(f)    Great Northern Insurance Company ("Great Northern"), an Indiana corporation with its principal place of business in New Jersey, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(g)    CNA Financial Corporation ("CNA"), a Delaware corporation with its principal place of business in Illinois, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(h)    American Casualty of Reading PA ("American Casualty"), a Pennsylvania corporation with its principal place of business in Illinois, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(i)    Transcontinental Insurance Company ("Transcontinental"), a New York corporation with its principal place of business in Illinois, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

(j)    American Intenation Group, Inc. ("AIG"), a Delaware corporation with its principal place of business in New York, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

5435247v.3

      (k)     Lexington Insurance ("Lexington"), a Massachusetts corporation with its principal place of business in Massachusetts, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana;

      (l)     Travelers Casualty and Surety Company ("Travelers"), a Minnesota corporation with its principal place of business in Connecticut, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana; and

      (m)     Gulf International ("Gulf"), upon information and belief, a Connecticut corporation with its principal place of business in Missouri, which at all relevant times was authorized to do and in fact transacting business in the State of Louisiana.

Century, ACE P&C, Westchester, ACE Fire, Federal, and Great Northern will be referred to collectively as the "Brandywine Defendants"; CNA, American Casualty, and Transcontinental will be referred to collectively as the "CNA Defendants"; AIG and Lexington will be referred to collectively as the "AIG Defendants"; and Travelers and Gulf will be referred to collectively as the "Travelers Defendants." The Brandywine Defendants, CNA Defendants, AIG Defendants, and Travelers Defendants are sometimes referred to collectively as "Third-Party Insurer Defendants" or each/any individually as a "Third-Party Insurer Defendant".

2.

On May 16, 2000, Plaintiffs initiated the principal demands herein against the City of New Orleans ("the City") as a putative class action by filing their Petition for Damages asserting claims seeking damages for alleged exposures to dangerous substances allegedly stored in the basement of a building located at 2400 Canal Street in New Orleans, Louisiana referred to as the City Hall Annex (the "Property"). Plaintiffs alleged that the exposure to the dangerous substances started in 1982 and continued until December 1999.

3.

During 2001, Plaintiffs filed their First Amended Petition and Second Amended Petition naming PALIC as defendant and seeking damages for alleged exposure to dangerous substances allegedly stored in the Property.

- 3 -

4.

Plaintiffs filed their Third Amended Petition on or about June 22, 2005, naming Poydras Square, Inc. ("PSI") and New Orleans Centre Associates ("NOCA") as additional defendants from which Plaintiffs seek damages for alleged exposure to dangerous substances allegedly stored in the Property.

5.

On September 27, 2019, Plaintiffs filed their Fourth Amended Petition herein naming "Poydras Square Properties, LLC (NID Corporation)" as an additional defendant from which Plaintiffs seek damages for alleged exposure to dangerous substances allegedly stored in the Property.

6.

Plaintiffs allege in their principal demand, among other things and subject to their specific wording, that PALIC is liable to pay damages caused by means of an accident and/or continuous or repeated exposures to conditions, which resulted in Plaintiffs' alleged bodily injuries due to alleged exposures to toxic materials during the time period of August 10, 1982 through December 9, 1999.

7.

PALIC denies liability for Plaintiffs' alleged claims and damages and reiterates and reavers by reference all of its denials and defenses to same set forth in its Defendant Pan-American Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' Fourth Amended Petition filed herein.  To the extent PALIC is liable for Plaintiffs' claims herein, however, the Third-Party Insurer Defendants owe PALIC indemnity therefore or payment thereof in accordance with the terms of their respective liability insurance policies issued to PALIC.

8.

The Brandywine Defendants issued various liability insurance policies, which, subject to their terms, conditions, limitations and exclusions, insure PALIC and pursuant to which, if PALIC is found liable to Plaintiffs, the Brandywine Defendants are or will be obligated to indemnify PALIC (and/or be liable to Plaintiffs directly) for all or part of Plaintiffs' principal

5435247v.3

demands herein against PALIC, including without limitation the following (the "Brandywine

Policies"):

    (a)    Aetna Policy No. SMP02-15-79 with a policy period of May 26, 1980 to December 26, 1983;

    (b)    Aetna Policy No. OBPD08585660 with a policy period of May 26, 1983 to May 26, 1986;

    (c)    ACE Policy No. 3529-36-20 with a policy period of January 1, 1994 to January 1, 1995;

    (d)    ACE Policy No. 3529-36-20 73197587 with a policy period of January 1, 1995 to January 1, 1996;

    (e)    ACE Policy No. 3529-36-20 with a policy period of January 1, 1996 to January 1, 1997;

    (f)    Great Northern Policy No. 3529-36-20 with a policy period of January 1, 1997 to January 1, 1998;

    (g)    Great Northern Policy No. 3529-36-20 with a policy period of January 1, 1998 to January 1, 1999;

    (h)    Great Northern Policy No. 3529-36-20 with a policy period of January 1, 1999 to January 1, 2000;

    (i)    Great Northern Policy No. 3529-36-20 with a policy period January 1, 2000 to January 1, 2001;

    (j)    ACE Umbrella Policy No. 524-210436-9 with a policy period of January 1, 1992 to January 1, 1993;

    (k)    ACE Umbrella Policy No. XOO G17120682 with a policy period of January 1, 1994 to December 31, 1995;

    (l)    Westchester Umbrella Policy No. CUA-102537-0 with a policy period of January 1, 1996 to January 1, 1997;

    (m)    Westchester Umbrella Policy No. CUA-102537 with a policy period of January 1, 1997 to January 1, 1998;

    (n)    ACE Excess Policy No. 7909-19-19 with a policy period of May 26, 1987 to May 26, 1988;

    (o)    ACE Excess Policy No. (89) 7909-19-19 with a policy period of May 26, 1988 to May 26, 1989;

    (p)    ACE Excess Policy No. (90) 7909-19-19 with a policy period of May 26, 1989 to May 26, 1990;

    (q)    ACE Excess Policy No. (91) 7909-19-19 with a policy period of May 26, 1990 to January 1, 1991;

    (r)    ACE Excess Policy No. (92) 7909-19-19 with a policy period of January 1, 1991 to January 1, 1992;

5435247v.3

(s)     ACE Excess Policy No. (93) 7909-19-19 with a policy period of January 1, 1992 to January 1, 1993;

(t)     ACE Excess Policy No. (94) 7909-19-19 with a policy period of January 1, 1993 to January 1, 1994;

(u)     ACE Excess Policy No. (95) 7909-19-19 with a policy period of January 1, 1994 to January 1, 1995;

(v)     ACE Excess Policy No. (96) 7909-19-19 with a policy period of January 1, 1995 to January 1, 1996;

(w)     ACE Excess Policy No. (97) 7909-19-19 with a policy period of January 1, 1996 to January 1, 1997; and

(x)     ACE Excess Policy No. (98) 7909-19-19 with a policy period of January 1, 1997 to January 1, 1998.

9.

The CNA Defendants issued various liability insurance policies, which, subject to their terms, conditions, limitations and exclusions, insure PALIC and pursuant to which, if PALIC is found liable to Plaintiffs, the CNA Defendants are or will be obligated to indemnify PALIC (and/or be liable to Plaintiffs directly) for all or part of Plaintiffs' principal demands herein against PALIC, including without limitation the following (the "CNA Policies"):

(a)     Policy No. OAC 400215437 with policy periods of May 26, 1986 to May 26, 1987 and June 20, 1986 to June 20, 1987;

(b)     Policy No. OAC 400215437 with policy periods of May 26, 1987 to May 26, 1988 and June 20, 1987 to June 20, 1988;

(c)     Policy No. OF 400215437 with a policy period of June 20, 1988 to June 20, 1989;

(d)     Transcontinental Policy No. OF 400215437 with a policy period of June 20, 1989 to June 20, 1990;

(e)     Transcontinental Policy No. OF 6673960 with a policy period of January 1, 1990 to January 1, 1991;

(f)     Transcontinental Policy No. OF 6673960 with a policy period of January 1, 1991 to January 1, 1992;

(g)     Transcontinental Policy No. OF 6673960 with a policy period of January 1, 1992 to January 1, 1993;

10.

The AIG Defendants issued various liability insurance policies, which, subject to their terms, conditions, limitations and exclusions, insure PALIC and pursuant to which, if PALIC is found liable to Plaintiffs, the AIG Defendants are or will be obligated to indemnify PALIC

- 6 -

(and/or be liable to Plaintiffs directly) for all or part of Plaintiffs' principal demand herein against

PALIC, including without limitation the following (the "AIG Policies"):

    (a)    Lexington Umbrella Policy No. 5101682 with a policy period of May 26, 1987 to May 26, 1988;

    (b)    Lexington Umbrella Policy No. 5104957 with a policy period of May 26, 1989 to May 26, 1990;

    (c)    Lexington Umbrella Policy No. 5104983 with a policy period of May 26, 1990 to January 1, 1991;

    (d)    Lexington Umbrella Policy No. 5107806 with a policy period of January 1, 1991 to January 1, 1992;

    (e)    Lexington Umbrella Policy No. unknown with a policy period of January 1, 1994 to January 1, 1995; and

    (f)    AIG Umbrella Policy No. BE 3097117 with a policy period of January 1, 1995 to January 1, 1996.

11.

The Travelers Defendants issued various liability insurance policies, which, subject

to their terms, conditions, limitations and exclusions, insure PALIC and pursuant to which, if

PALIC is found liable to Plaintiffs, the Travelers Defendants are or will be obligated to indemnify

PALIC (and/or be liable to Plaintiffs directly) for all or part of Plaintiffs' principal demand herein

against PALIC, including without limitation the following (the "Travelers Policies"):

    (a)    Gulf Umbrella Policy No. CU6078474 with a policy period of January 1, 1998 to January 1, 1999;

    (b)    Gulf Umbrella Policy No. CU0283393 with a policy period of January 1, 1999 to January 1, 2000; and

12.

The policies issued by the Third-Party Insurer Defendants were in effect during the

period that the Plaintiffs allege they were exposed to harmful chemicals through the date that

PALIC was named as a defendant.  Because some or all of the Plaintiffs' allegations of their

principal demands against PALIC, as amended, if proven true, would be covered under the policies

issued by Third-Party Insurer Defendants, Plaintiff's allegations herein triggered the Third-Party

Insurer Defendants' obligations under their respective policies to defend and indemnify PALIC in

this action.

5435247v.3

13.

PALIC tendered Plaintiffs' claims to the Third-Party Insurer Defendants.

14.

The Brandywine Defendants agreed to pay a portion of PALIC's defense costs but have asserted a reservation of rights as to coverage, including *inter alia* the assertion that the claims are not covered because of the pollution exclusion in the policies.  The Brandywine Defendants also filed a declaratory judgment complaint against PALIC in the United States District Court for the Eastern District of Louisiana (No. 2:24-cv-00584), seeking an order declaring PALIC's rights under the Brandywine Policies.

15.

The CNA Defendants agreed to pay a portion of PALIC's defense costs but have asserted a reservation of rights as to coverage.  CNA has acknowledged that PALIC has produced secondary evidence of CNA policies issued to PALIC but asserts that it has found no policy documents providing coverage to PALIC and that PALIC has not provided any policy documents to the CNA Defendants.

16.

The AIG Defendants have denied coverage and are not paying any portion of PALIC's defense costs, asserting that the AIG Policies are all excess policies and that there has been no indication that the underlying limits of insurance have been exhausted.

17.

The Travelers Defendants have denied coverage and are not paying any portion of PALIC's defense costs.  The Travelers Defendants have asserted that the remaining policies are excess policies and that there has been no indication that the underlying limits of insurance have been exhausted.

**Declaratory Judgment**

18.

PALIC realleges each and every allegation set forth in Paragraphs 1 through 17, inclusive.

- 8 -

5435247v.3

19.

An actual controversy has arisen and now exists between PALIC and each Third-Party Insurer Defendant relating to the duty of each to honor and perform its insurance policies. A declaratory judgment is therefore necessary, and PALIC asks for a declaratory judgment, defining the rights of PALIC and the obligations of each Third-Party Insurer Defendant under each of its liability policies insuring PALIC, including without limitation:  the scope of the insurance coverages provided thereby; the applicability or inapplicability of asserted policy exclusion(s), including the so called "pollution exclusions"; each Third-Party Defendant's obligation to provide a defense or contribute to defense costs and expenses herein; and, with regard to any potential liability of PALIC to the Plaintiffs which may be determined at the trial of the principal demand herein, the measure and the amount of indemnity for same under the applicable policies.

## PRAYER

WHEREFORE, Defendant/Third Party-Plaintiff, Pan-American Life Insurance Company, prays:

A.     That Third-Party Insurer Defendants, the Brandywine Defendants, CNA Defendants, AIG Defendants, and Travelers Defendants, be duly cited and served with citation and a certified copy of this copy of this Third-Party Petition, as well as the underlying Plaintiff's Petition and all amendments thereto;

B.     That there be judgment dismissing Plaintiffs' claims against PALIC with prejudice at Plaintiffs' sole cost; alternatively, should PALIC be found legally liable to Plaintiffs herein at trial, PALIC prays for a judgment awarding it indemnity from the Third- Party Insurer Defendants under the terms of their insurance policies and/or entry of a judgment ordering the Third-Party Insurer Defendants to pay such claims on PALIC's behalf in accordance with their policies.

C.     That after due proceedings be had, that there be judgment rendered herein declaring the rights of PALIC and the obligations of the Third-Party Insurer Defendants, under each of their issued insurance

5435247v.3

policies with respect to its construction, the insurance coverage

provided thereunder for PALIC with respect to Plaintiff's claims

herein, PALIC's right to a legal defense and payment of insurance

proceeds for Plaintiffs' claims, and the measure and the amount of

same, and that the Third-Party Insurer Defendants are obligated to

provide PALIC a full and complete legal defense and indemnity of

Plaintiffs' claims in accordance with the terms of the policies and

the law;

D.   For recovery of all such other and further general and specific relief

in law or equity as the justice of this cause may require and permit.

Filed this 5th day of April 2024.

Respectfully submitted,

Wayne J. Lee (La. Bar No. 07916)
Michael Q. Walshe, Jr. (La. Bar No. 23968)
Emily A. Hickman (La. Bar No. 39909)
STONE PIGMAN WALTHER WITTMANN LLC
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
*wlee@stonepigman.com*
*mwalshe@stonepigman.com*
*ehickman@stonepigman.com*

**Attorneys for Third Party Plaintiff,
Pan-American Life Insurance Company**

**PLEASE HOLD SERVICE**

5435247v.3



FILED

2024 APR -5 PM 12: 42

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                    DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____
                                                                            DEPUTY CLERK

### DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY'S *UNOPPOSED* MOTION TO SEVER FOR SEPARATE TRIAL INSURANCE COVERAGE ACTIONS ASSERTED IN THIRD-PARTY PETITION

Defendant and prospective Third-Party Plaintiff, Pan-American Life Insurance Company ("PALIC"), respectfully moves this Honorable Court to sever from the principal action for a separate trial the actions for insurance coverage asserted in its *Third-Party Petition.*

1.

On April 5, 2024, PALIC moved for leave pursuant to La. C.C.P. Arts. 1033 and 1111 to file its *Third-Party Petition* against its liability insurers who have a duty to defend and to pay directly or indemnify PALIC for all or part of the Plaintiffs' principal demands.

2.

After obtaining the consent of all parties remaining in the case, *i.e.,* Plaintiffs and NID Corporation, PALIC filed its *Unopposed Motion for Leave to File Third-Party Petition* contemporaneously with this motion.

3.

Although PALIC denies liability to Plaintiffs; should PALIC be found legally liable for Plaintiffs' claims, PALIC seeks to recover via the incidental demand defense and indemnity for such claims from one or more of its insurers under the liability policies those insurers issued to PALIC and under which insurance coverage issues are presented.

4.

Article 1562D of the Code of Civil Procedure provides:

If it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice, at any time prior to trial on the merits, the court may order,

5439285v.1

4/5/24

with the consent of all parties, a separate trial on the issue of insurance coverage, unless a factual dispute that is material to the insurance coverage issue duplicates an issue relative to liability or damages.  The issue of insurance coverage shall be decided by the court alone, whether or not there is to be a jury trial on the issue of liability or damages.

5.

Severance of PALIC's claims stated in its *Third-Party Petition* would both (i) avoid any potential delays as to the progress of Plaintiffs' principal demands and (ii) avoid complicating the upcoming trial of those actions with issues of insurance coverage.  Accordingly, granting this motion to sever would "simplify the proceedings" and "permit a more orderly disposition of the case."

6.

Counsel for all parties remaining in this matter have advised undersigned counsel of their consent to this motion being granted and to the requested severance.

WHEREFORE, Pan-American Life Insurance Company prays that this unopposed motion be granted and that an order issue severing PALIC's claims asserted in its *Third-Party Petition* for a separate trial, to the Court alone, on the issues of insurance coverage pursuant to La. C.C.P. Art. 1562D.

Respectfully submitted,

_____

Wayne J. Lee (La. Bar No. 07916)
Michael Q. Walshe, Jr. (La. Bar No. 23968)
Emily A. Hickman (La. Bar No. 39909)
STONE PIGMAN WALTHER WITTMANN LLC
909 Poydras Street, Suite 3150
New Orleans, Louisiana  70112
Telephone:  (504) 581-3200
*wlee@stonepigman.com*
*mwalshe@stonepigman.com*
*ehickman@stonepigman.com*

**Attorneys for Third-Party Plaintiff,**
**Pan-American Life Insurance Company**
**(for the purpose of the insurance claims**
**asserted in its third-party petition)**

5439285v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant Pan-American Life Insurance Company's *Unopposed* Motion to Sever for Separate Trial Insurance Coverage Actions Asserted in Third-Party Petition has been served upon all counsel of record by email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 5th day of April, 2024.



_____

5439285v.1



FILED

2024 APR -5 PM 12: 42

CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2000-7489                                                             DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

                                                                    DEPUTY CLERK

### ORDER

Considering the foregoing *Defendant Pan-American Life Insurance Company's Unopposed Motion to Sever For Separate Trial Insurance Coverage Actions Asserted In Third-Party Petition*;

IT IS ORDERED that the motion is granted;

IT IS FURTHER ORDERED that Pan-American Life Insurance Company's claims asserted in its *Third-Party Petition* be and are hereby severed from the principal demands for a separate trial, to the Court alone, on those issues of insurance coverage pursuant to La. C.C.P. Art. 1562D.

New Orleans, Louisiana, this ___ day of April, 2024.

                                                        _____

                                                                    JUDGE

5439285v.1

VERIFIED



FILED

2024 APR -5  PM 12: 42

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                            DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

                                                                        DEPUTY CLERK

**DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY'S**
***UNOPPOSED* MOTION TO SEVER FOR SEPARATE TRIAL INSURANCE**
<u>**COVERAGE ACTIONS ASSERTED IN THIRD-PARTY PETITION**</u>

Defendant and prospective Third-Party Plaintiff, Pan-American Life Insurance

Company ("PALIC"), respectfully moves this Honorable Court to sever from the principal action

for a separate trial the actions for insurance coverage asserted in its *Third-Party Petition.*

1.

On April 5, 2024, PALIC moved for leave pursuant to La. C.C.P. Arts. 1033 and

1111 to file its *Third-Party Petition* against its liability insurers who have a duty to defend and to

pay directly or indemnify PALIC for all or part of the Plaintiffs' principal demands.

2.

After obtaining the consent of all parties remaining in the case, *i.e.,* Plaintiffs and

NID Corporation, PALIC filed its *Unopposed Motion for Leave to File Third-Party Petition*

contemporaneously with this motion.

3.

Although PALIC denies liability to Plaintiffs; should PALIC be found legally liable

for Plaintiffs' claims, PALIC seeks to recover via the incidental demand defense and indemnity for

such claims from one or more of its insurers under the liability policies those insurers issued to

PALIC and under which insurance coverage issues are presented.

4.

Article 1562D of the Code of Civil Procedure provides:

If it would simplify the proceedings or would permit a more orderly
disposition of the case or otherwise would be in the interest of
justice, at any time prior to trial on the merits, the court may order,

4/5/24

with the consent of all parties, a separate trial on the issue of insurance coverage, unless a factual dispute that is material to the insurance coverage issue duplicates an issue relative to liability or damages.  The issue of insurance coverage shall be decided by the court alone, whether or not there is to be a jury trial on the issue of liability or damages.

5.

Severance of PALIC's claims stated in its *Third-Party Petition* would both (i) avoid any potential delays as to the progress of Plaintiffs' principal demands and (ii) avoid complicating the upcoming trial of those actions with issues of insurance coverage.  Accordingly, granting this motion to sever would "simplify the proceedings" and "permit a more orderly disposition of the case."

6.

Counsel for all parties remaining in this matter have advised undersigned counsel of their consent to this motion being granted and to the requested severance.

WHEREFORE, Pan-American Life Insurance Company prays that this unopposed motion be granted and that an order issue severing PALIC's claims asserted in its *Third-Party Petition* for a separate trial, to the Court alone, on the issues of insurance coverage pursuant to La. C.C.P. Art. 1562D.

Respectfully submitted,

Wayne J. Lee (La. Bar No. 07916)
Michael Q. Walshe, Jr. (La. Bar No. 23968)
Emily A. Hickman (La. Bar No. 39909)
STONE PIGMAN WALTHER WITTMANN LLC
909 Poydras Street, Suite 3150
New Orleans, Louisiana  70112
Telephone:  (504) 581-3200
*wlee@stonepigman.com*
*mwalshe@stonepigman.com*
*ehickman@stonepigman.com*

**Attorneys for Third-Party Plaintiff,
Pan-American Life Insurance Company
(for the purpose of the insurance claims
asserted in its third-party petition)**

5439285v.1

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant Pan-American Life Insurance Company's *Unopposed* Motion to Sever for Separate Trial Insurance Coverage Actions Asserted in Third-Party Petition has been served upon all counsel of record by email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 5th day of April, 2024.



5439285v.1



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                        DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

                                                                    DEPUTY CLERK

## ORDER

Considering the foregoing *Defendant Pan-American Life Insurance Company's Unopposed Motion to Sever For Separate Trial Insurance Coverage Actions Asserted In Third-Party Petition*;

IT IS ORDERED that the motion is granted;

IT IS FURTHER ORDERED that Pan-American Life Insurance Company's claims asserted in its *Third-Party Petition* be and are hereby severed from the principal demands for a separate trial, to the Court alone, on those issues of insurance coverage pursuant to La. C.C.P. Art. 1562D.

New Orleans, Louisiana, this ___ day of April, 2024.

_____

JUDGE

5439285v.1

VERIFIED

FILED

2024 APR -5 PH 12: 42

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                    DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____        _____

                                                        DEPUTY CLERK

### DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY'S *UNOPPOSED* MOTION TO SEVER FOR SEPARATE TRIAL INSURANCE COVERAGE ACTIONS ASSERTED IN THIRD-PARTY PETITION

Defendant and prospective Third-Party Plaintiff, Pan-American Life Insurance Company ("PALIC"), respectfully moves this Honorable Court to sever from the principal action for a separate trial the actions for insurance coverage asserted in its *Third-Party Petition.*

1.

On April 5, 2024, PALIC moved for leave pursuant to La. C.C.P. Arts. 1033 and 1111 to file its *Third-Party Petition* against its liability insurers who have a duty to defend and to pay directly or indemnify PALIC for all or part of the Plaintiffs' principal demands.

2.

After obtaining the consent of all parties remaining in the case, *i.e.,* Plaintiffs and NID Corporation, PALIC filed its *Unopposed Motion for Leave to File Third-Party Petition* contemporaneously with this motion.

3.

Although PALIC denies liability to Plaintiffs, should PALIC be found legally liable for Plaintiffs' claims, PALIC seeks to recover via the incidental demand defense and indemnity for such claims from one or more of its insurers under the liability policies those insurers issued to PALIC and under which insurance coverage issues are presented.

4.

Article 1562D of the Code of Civil Procedure provides:

If it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice, at any time prior to trial on the merits, the court may order,



3439285v.1

4/5/24

with the consent of all parties, a separate trial on the issue of insurance coverage, unless a factual dispute that is material to the insurance coverage issue duplicates an issue relative to liability or damages. The issue of insurance coverage shall be decided by the court alone, whether or not there is to be a jury trial on the issue of liability or damages.

5.

Severance of PALIC's claims stated in its *Third-Party Petition* would both (i) avoid any potential delays as to the progress of Plaintiffs' principal demands and (ii) avoid complicating the upcoming trial of those actions with issues of insurance coverage. Accordingly, granting this motion to sever would "simplify the proceedings" and "permit a more orderly disposition of the case."

6.

Counsel for all parties remaining in this matter have advised undersigned counsel of their consent to this motion being granted and to the requested severance.

WHEREFORE, Pan-American Life Insurance Company prays that this unopposed motion be granted and that an order issue severing PALIC's claims asserted in its *Third-Party Petition* for a separate trial, to the Court alone, on the issues of insurance coverage pursuant to La. C.C.P. Art. 1562D.

Respectfully submitted,

Wayne J. Lee (La. Bar No. 07916)
Michael Q. Walshe, Jr. (La. Bar No. 23968)
Emily A. Hickman (La. Bar No. 39909)
STONE PIGMAN WALTHER WITTMANN LLC
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
*wlee@stonepigman.com*
*mwalshe@stonepigman.com*
*ehickman@stonepigman.com*

**Attorneys for Third-Party Plaintiff,
Pan-American Life Insurance Company
(for the purpose of the insurance claims
asserted in its third-party petition)**

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant Pan-American Life Insurance Company's *Unopposed* Motion to Sever for Separate Trial Insurance Coverage Actions Asserted in Third-Party Petition has been served upon all counsel of record by email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 5th day of April, 2024.





CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                                    DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

DEPUTY CLERK

### ORDER

Considering the foregoing *Defendant Pan-American Life Insurance Company's Unopposed Motion to Sever For Separate Trial Insurance Coverage Actions Asserted In Third-Party Petition*;

IT IS ORDERED that the motion is granted;

IT IS FURTHER ORDERED that Pan-American Life Insurance Company's claims asserted in its *Third-Party Petition* be and are hereby severed from the principal demands for a separate trial, to the Court alone, on those issues of insurance coverage pursuant to La. C.C.P. Art. 1562D.

New Orleans, Louisiana, this ___ day of April, 2024.

_____

JUDGE

5439285v.1

VERIFIED

FILED

2024 APR -5 PM 12: 40

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                      DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

                                                              DEPUTY CLERK

**NOTICE OF ENROLLMENT BY PAN-AMERICAN LIFE**
**INSURANCE COMPANY OF ADDITIONAL COUNSEL OF RECORD**

Pan-American Life Insurance Company ("PALIC") is currently and will remain

represented by Edward F. LeBreton III (La. Bar No. 8215), Meghan E. Smith (La. Bar No. 34097),

Tarak Anada (La. Bar No. 31598), and Marisa Del Turco (La. Bar No. 40336) of the law firm of

Jones Walker LLP and Jason Rogers Williams (La. Bar No. 25539) and Hannah Beth Salter (La.

Bar No. 34749) of the law firm of Jason Williams & Associates, LLC in defense of the merits of

Plaintiffs' principal claims, but PALIC desires to enroll additional counsel to represent it regarding

insurance coverage matters, in accordance with Local Rule 9.12.  PALIC respectfully files notice

that Wayne J. Lee (La. Bar No. 07916), Michael Q. Walshe, Jr. (La. Bar No. 23968), and Emily

A. Hickman (La. Bar No. 39909) of the law firm of Stone Pigman Walther Wittmann LLC, 909

Poydras Street, Suite 3150, New Orleans, Louisiana 70112, are enrolled as additional counsel of

record for PALIC in the captioned matter regarding insurance coverage matters.

Respectfully submitted,

_____
Wayne J. Lee (La. Bar No. 07916)
Michael Q. Walshe, Jr. (La. Bar No. 23968)
Emily A. Hickman (La. Bar No. 39909)
STONE PIGMAN WALTHER WITTMANN LLC
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone:  (504) 581-3200
*wlee@stonepigman.com*
*mwalshe@stonepigman.com*
*ehickman@stonepigman.com*

**Attorneys for Third-Party Plaintiff,**
**Pan-American Life Insurance Company**
**(for the purpose of the insurance claims**
**asserted in its third-party petition)**

4/5/24

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing Notice of Enrollment by Pan-American Life Insurance Company of Additional Counsel of Record has been served upon all counsel of record by email and by placing same in the United States mail, postage prepaid and properly addressed, this 5th day of April, 2024.



5439067v.1

FILED

2024 APR -5 PM 12: 40

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2000-7489                                                  DIVISION "J"

THOMAS ANDERSON, ET AL.

VERSUS

CITY OF NEW ORLEANS, ET AL.

FILED: _____          _____

                                                              DEPUTY CLERK

**NOTICE OF ENROLLMENT BY PAN-AMERICAN LIFE**
**INSURANCE COMPANY OF ADDITIONAL COUNSEL OF RECORD**

       Pan-American Life Insurance Company ("PALIC") is currently and will remain represented by Edward F. LeBreton III (La. Bar No. 8215), Meghan E. Smith (La. Bar No. 34097), Tarak Anada (La. Bar No. 31598), and Marisa Del Turco (La. Bar No. 40336) of the law firm of Jones Walker LLP and Jason Rogers Williams (La. Bar No. 25539) and Hannah Beth Salter (La. Bar No. 34749) of the law firm of Jason Williams & Associates, LLC in defense of the merits of Plaintiffs' principal claims, but PALIC desires to enroll additional counsel to represent it regarding insurance coverage matters, in accordance with Local Rule 9.12.  PALIC respectfully files notice that Wayne J. Lee (La. Bar No. 07916), Michael Q. Walshe, Jr. (La. Bar No. 23968), and Emily A. Hickman (La. Bar No. 39909) of the law firm of Stone Pigman Walther Wittmann LLC, 909 Poydras Street, Suite 3150, New Orleans, Louisiana 70112, are enrolled as additional counsel of record for PALIC in the captioned matter regarding insurance coverage matters.

       Respectfully submitted,

       _____
Wayne J. Lee (La. Bar No. 07916)
Michael Q. Walshe, Jr. (La. Bar No. 23968)
Emily A. Hickman (La. Bar No. 39909)
STONE PIGMAN WALTHER WITTMANN LLC
909 Poydras Street, Suite 3150
New Orleans, Louisiana  70112
Telephone:  (504) 581-3200
*wlee@stonepigman.com*
*mwalshe@stonepigman.com*
*ehickman@stonepigman.com*

**Attorneys for Third-Party Plaintiff,**
**Pan-American Life Insurance Company**
**(for the purpose of the insurance claims**
**asserted in its third-party petition)**

4/5/24

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Enrollment by Pan-American Life Insurance Company of Additional Counsel of Record has been served upon all counsel of record by email and by placing same in the United States mail, postage prepaid and properly addressed, this 5th day of April, 2024.

_____

5439067v.1

SCAN-SIG

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NUMBER: ~~94-19231~~   DIVISION "~~F~~"   DOCKET

2000 - 7489

THOMAS ANDERSON, individually,  and ON BEHALF OF THOSE
SIMILARLY SITUATED, ALL PERSONS WORKING AT 2400 CANAL
STREET FROM THE DATE THE BUILDING WAS ACQUIRED BY THE
CITY OF NEW ORLEANS

versus

### CITY OF NEW ORLEANS,
HOUSING AUTHORITY OF NEW ORLEANS,
C. J. BROWN PUBLIC HOUSING MANAGEMENT COMPANY,
XYZ INSURANCE COMPANY, and
LOUISIANA INSURANCE GUARANTY ASSOCIATION

FILED: _____   _____
                                    DEPUTY CLERK

### AMENDED PETITION

Plaintiffs, Thomas Anderson, Pamela Davenport, Evelle Thomas, June Harvey, and

Joseph Wong, Individually and on behalf of those similarly situated, all persons who have

been exposed to or contaminated by toxic, hazardous chemicals present on the premises at

2400 Canal Street, respectfully represent:

### I.

Plaintiffs wish to supplement and amend the Original Petition by adding the

following additional paragraphs:

### 24.

Made an additional defendant is Pan American Life Insurance Company ("Pan Am"),

a Louisiana insurance company having its principal place of business in New Orleans,

Louisiana.

### 25.

The chemicals described in plaintiffs' original petition which were stored at 2400

Canal Street and which injured the plaintiffs were placed on the premises by Pan Am.

Page 1 of 3

/6

26.

The storage of the chemicals by Pan Am created an unreasonably dangerous condition for subsequent occupants of the property, including the plaintiffs in this lawsuit.

27.

The storage of the chemicals by Pan Am was illegal, and the extremely dangerous properties of the chemicals were concealed from the plaintiffs by Pan Am.

28.

The injuries suffered by the plaintiffs are the direct result of Pan Am's wrongful conduct in  illegally storing the chemicals and in willfully concealing the dangerous properties of the chemicals and the associated health risks from the plaintiffs.

29.

These actions make Pan Am liable not only for damages designed to compensate the plaintiffs for their injuries but also for exemplary damages as set out in paragraph 23 of plaintiffs' original petition.

30.

Plaintiffs are entitled to a trial by jury in this case.

**WHEREFORE,** plaintiffs reiterate all of the allegations of their original petition and further pray:

1.  That judgment be rendered herein declaring and certifying this cause as a class action and for all other orders necessary pursuant thereto;

2.  That there be judgment rendered herein in favor of the named plaintiffs and all those similarly situated, against the defendant, the City of New Orleans and Pan American Life Insurance Company, in an amount sufficient to compensate the named plaintiffs and all those similarly situated for the damage each of them has sustained, and sufficient to punish defendants, together with legal interest, costs, attorney's fees and expert fees; and

3.  For all such other further relief as might be warranted by the law and nature of the case.

17

Respectfully submitted,

MURPHY, ROGERS & SLOSS

_____
Gary J. Gambel (#19864)
Molly B. Halloran (#22409)
One Shell Square
701 Poydras Street, Suite 400
New Orleans, Louisiana  70139
Telephone:   (504) 523-0400
Facsimile:   (504) 523-5574

**and**

CATER & WILLIS
Jennifer N. Willis (#14877)
Samuel O. Buckley, III (#3632 )
R. Glenn Cater (#4048)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone:   (504) 488-6300
Facsimile:   (504) 488-6302

Attorneys for Petitioners

**PLEASE SERVE:**

Pan American Life Insurance Company
Through its agent for service of process:
Raymond J. Munna
William T. Steen
Legal Department
601 Poydras Street
New Orleans, LA   70130

*18*

**SCANNED**

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

**NUMBER:** 94-19231     **DIVISION "I"**     **DOCKET**

*2000 - 7489*

**THOMAS ANDERSON, individually, and ON BEHALF OF THOSE
SIMILARLY SITUATED, ALL PERSONS WORKING AT 2400 CANAL
STREET FROM THE DATE THE BUILDING WAS ACQUIRED BY THE
CITY OF NEW ORLEANS**

versus

**CITY OF NEW ORLEANS,
HOUSING AUTHORITY OF NEW ORLEANS,
C. J. BROWN PUBLIC HOUSING MANAGEMENT COMPANY,
XYZ INSURANCE COMPANY, and
LOUISIANA INSURANCE GUARANTY ASSOCIATION**

**FILED:** _____     _____
                                       **DEPUTY CLERK**

## JURY ORDER

Let this case be tried by jury upon plaintiffs giving bond with a good and solvent

surety as the law directs in the amount of $_____ to cover costs of the jury.

New Orleans, Louisiana, this the ____ day of _____, 2001.


                                       _____
                                              J U D G E

Respectfully submitted,

MURPHY, ROGERS & SLOSS

_____
Gary J. Gambel (#19864)
Molly B. Halloran (#22409)
One Shell Square
701 Poydras Street, Suite 400
New Orleans, Louisiana  70139
Telephone:   (504) 523-0400
Facsimile:   (504) 523-5574

**SCANNED**

*19*

**and**

CATER & WILLIS
Jennifer N. Willis (#14877)
Samuel O. Buckley, III (#3632 )
R. Glenn Cater (#4048)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone:   (504) 488-6300
Facsimile:    (504) 488-6302

Attorneys for Petitioners

20

SCANNED

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.: 2000 - 7489    DIVISION " "    SECTION

SECTION 15

**THOMAS ANDERSON, PAMELA DAVENPORT,
EVELLE THOMAS, JUNE HARVEY, JOSEPH WONG, INDIVIDUALLY and
ON BEHALF OF THOSE SIMILARLY SITUATED,
ALL PERSONS EXPOSED TO
CHEMICALS AT 2400 CANAL STREET**

versus

## CITY OF NEW ORLEANS

FILED:_____    _____

**DEPUTY CLERK**

## PETITION FOR DAMAGES

The Petition of Thomas Anderson, Pamela Davenport, Evelle Thomas, June Harvey, and

Joseph Wong, Individually and on behalf of those similarly situated, all persons who have been

exposed to or contaminated by toxic, hazardous chemicals present on the premises at 2400 Canal

Street, respectfully represents:

**1.**

The following party is made defendant herein:

The City of New Orleans, which owns, operates and maintains a building known as the City

Hall Annex located at 2400 Canal Street, in the Parish of Orleans and which, in said capacity is

responsible for the operation, management, maintenance, and condition of that building.

**2.**

Defendant, City of New Orleans, negligently and intentionally caused and/or allowed there

to be present on its property at 2400 Canal Street, dangerous levels of hazardous chemicals,

including potassium hydroxide, hydrochloric acid and hydrofiboric acid, which have caused and

continue to cause contamination of the premises as well as health problems and personal injury to

persons working in the building.

**3.**

The named plaintiffs are members of a class, and are representative of all those persons

similarly situated, harmed due to exposure to or contamination by chemicals present at 2400

Canal Street.

CIVIL DISTRICT COURT
CIVIL COURTS BUILDING
421 LOYOLA AVENUE
NEW ORLEANS, LA 70112

Reg. # 0        Receipt # 028188
                05/12/00 at 11:04
Case #: 2000 7489    Cashier # 1

11        CLASS ACTION LAWSUITS
   1 a  $  2,500.00    $  2,500.00
                       ===========
                       2,500.00
Check Amount $  2,500.00
                       ===========
Change Due $      0.00



**4.**

This is a class action instituted pursuant to the provisions of Article 591, et seq. of the

Louisiana Code of Civil Procedure by petitioners on their own behalf and as members of the

class of all similarly situated persons who have sustained damages arising or resulting from the

circumstances, events, acts and omissions complained of herein, specifically, all persons who

sustained harm due to the presence of and exposure to hazardous chemicals at the building at

2400 Canal Street.

**5.**

Petitioners are entitled to have this cause maintained as a class action pursuant to

Louisiana Code of Civil Procedure, Article 591, et seq., for the following reasons:

a)   The persons constituting the class are so numerous that the individual joinder of
     all parties is impractical;

b)   There exists a common character among the rights sought to be enforced on
     behalf of the class among the named class representatives and the unnamed
     members of the class;

c)   The named plaintiffs or representatives of the class are all members of the class
     and are so situated as to provide adequate representation for the unnamed class
     members;

d)   The unnamed class members have no substantial interest in individually
     controlling the prosecution of their separate actions;

e)   There are common questions and issues of law and fact involved in this matter
     which predominate over questions affecting individual class members;

f)   Any defenses or theories of resistance to liability created by the defendants would
     be applicable to all claims presented by the members of the class;

g)   Prosecution and separate actions by individual class members will create a serious
     risk of inconsistent or varying adjudications which may prejudicially affect the
     claims of other class members in subsequent litigation;

h)   The prosecution of separate actions by the individual class members poses the risk
     that the separate adjudications respecting individual claimants would not be
     entirely dispositive of the interest of class members not parties to the litigation or
     would otherwise substantially impair or impede the ability of the class members
     to protect their interests;

i)   The class action is a superior procedural vehicle for this litigation because the
     primary objectives of the class action, economies of time, effort and expense, will
     be achieved principally because:

     1)   Questions of law of fact common to the class members predominate over
          questions affecting only individual members;

     2)   Any defenses would be generally applicable to all members of the class;

 

3)   It is desirable to litigate this matter in a single forum where substantially all witnesses, class members and properties are located, and where the identity of the main issues of liability and all claims leads to a prompt, efficient, and relatively inexpensive trial;

4)   The number of plaintiffs in this matter are so numerous that requiring separate suits would prove an onerous burden to the court;

5)   The majority of the class members have neither the resources nor the interest in maintaining or controlling the litigation brought on their behalf in separate suits;

6)   There may be some difficulty in identifying all members of the class, even though the class is adequately identified, thus the unnamed class members may not be afforded protection or relief if it were not for the procedural vehicle of a class action;

7)   Many class members may not be aware of their rights or of the harm caused them, due to concealment or other acts by defendant;

8)   Through the vehicle of the class action, the court may adopt a management plan relative to all aspects of this litigation.

9)   The class action vehicle would best insure procedural fairness to class members in that its utilization would avoid prejudicial or inconsistent precedence of claims, first adjudicated, were the claims to be individually litigated; and

10)  The vehicle of the class action may be more easily managed than some other procedural vehicle considering the opportunity to afford reasonable notice of significant phases of the litigation, including discovery, to class members.

**6.**

Defendant has, at all material times, been aware that hazardous, dangerous chemicals were present on the premises at 2400 Canal Street, which would cause injury to those exposed to the chemicals stored on the property.

**7.**

Despite defendant's knowledge of the risk presented by these chemicals, it (intentionally recklessly and callously) nonetheless ordered petitioners and those similarly situated to work in this dangerous environment with constant exposure to deadly, dangerous, hazardous, and harmful chemicals, and thereby knowingly and intentionally caused great harm to the named plaintiffs and others similarly situated.

**8.**

Despite defendant's knowledge that the hazard presented by the dangerous chemicals, was substantially certain to injure plaintiffs, the defendant did not discharge its duty to the named

 

plaintiffs and those similarly situated to inspect and eliminate the dangers attendant to the presence, improper storage and inadequate monitoring of chemicals in the office building located at 2400 Canal Street.

### 9.

As owner of the building, defendant has an obligation to maintain the building in a decent, safe, sanitary and non-defective condition.

### 10.

The failure of defendant to provide a safe building and suitable workplace constitutes a breach of the contract between defendant and each and every named plaintiff and those similarly situated.

### 11.

Defendant's conduct constitutes a breach of applicable law, regulations, and codes.

### 12.

Defendant's conduct was intentional and was in gross, callous disregard for the known harm that was certain to befall petitioners.

### 13.

Defendant was intentional and tortious in the following non-exclusive particulars:

a.  Defendant knew of the hazardous, dangerous and non-apparent defects complained of herein and yet took no action to alleviate the health hazard;

b.  Defendant breached the standard of care owed to the named plaintiffs and those similarly situated to provide a decent, safe, non-hazardous and sanitary building;

c.  Defendant violated regulations, code provisions, and laws by improperly storing chemicals at this office building;

d.  Defendant intentionally concealed the presence of hazardous chemicals in the building and failed to take reasonable precautions, to the detriment of the named plaintiffs and those similarly situated;

e.  Defendant breached its contractual and its delictual duties to the named plaintiffs and others similarly situated;

f.  Defendant intentionally caused harm to the named plaintiffs and those similarly situated by forcing them to work and transact business in a location known to be contaminated; and

g.  Defendant is also responsible and liable for such other negligent, intentional and/or criminal acts which may be discovered during investigation and trial of this matter.

**14.**

The chemical exposure, contamination and/or poisoning has caused and will continue to cause severe health problems, a lifetime of illness, pain and suffering, loss of wages, loss of earning capacity, emotional distress, worry, anxiety, fear, fright, loss of enjoyment of life, decreased physical and mental functioning, and disability, and will require extensive future care, annual testing, extensive future medical treatment, education, rehabilitation and training.

**15.**

As a result of defendant's conduct, the named plaintiffs and those similarly situated suffer an increased risk of future illness and ailments.

**16.**

The named plaintiffs, and those similarly situated, require medical care and should undergo annual medical testing as a result of the chemical exposure contamination and/or poisoning sustained due to defendant's conduct, and defendant is liable for these expenses.

**17.**

In addition to the lifelong consequences upon the named plaintiffs and those similarly situated, the chemical exposure, contamination and/or poisoning also presents a risk of harm to the named plaintiffs' and those similarly situated's spouses, children and future children and this compounds the anxiety, distress and suffering associated with defendant's conduct.

**18.**

As a result of the chemical exposure, contamination and/or poisoning caused by defendant's intentional and negligent conduct, and the defective condition of defendant's property, the named plaintiffs and those similarly situated will not only suffer physical injury, but will also suffer anxiety, fear and related emotional distress regarding the future consequences of their exposure to and contamination by these chemicals.

**19.**

Your named plaintiffs and/or their spouses and children and those similarly situated have or will suffer a loss of society, companionship, services, enjoyment of life and other elements of consortium.

5



**20.**

The named plaintiffs and those similarly situated are entitled to damages for pain and suffering, emotional distress, loss of consortium, loss of future earnings, permanent disability and medical costs.

**21.**

Petitioners and those similarly situated have, as a result of defendant's conduct, sustained loss of earnings, reduction in earning capacity, negative employment consequences, loss of function due to maladies associated with the exposure and other economic and employment related harm.

**22.**

The injuries and damages which have been or will be sustained by the named plaintiffs and those similarly situated are a direct consequence of the intentional conduct, negligent acts, breach of law and breach of contract by defendant.

**23.**

It is specifically alleged that the chemicals involved in this case, which were or are present at 2400 Canal Street, are hazardous and/or toxic substances within the meaning of Louisiana Civil Code Art. 2315.3, which is applicable to this case, such that exemplary damages are available and warranted because of defendant's willful, wanton, and/or reckless disregard for public safety in the transportation, storage and/or handling of hazardous and/or toxic substances, which occurred and caused the complained of damages.

**WHEREFORE,** the named plaintiffs on their own behalf and on behalf of all those similarly situated pray:

(1)     That judgment be rendered herein declaring and certifying this cause as a class action and for all other orders necessary pursuant thereto;

(2)     That there be judgment rendered herein in favor of the named plaintiffs and all those similarly situated, against the defendant herein, in an amount sufficient to compensate the named plaintiffs and all those similarly situated for the damage each of them has sustained, and sufficient to punish defendant, together with legal interest, costs, attorney's fees and expert fees; and



(3)    For all such other further relief as might be warranted by the law and nature of the

case.

Respectfully submitted,

MURPHY, ROGERS & SLOSS

_____

Gary J. Gambel (#19864)
Molly B. Halloran (#22409)
One Shell Square
701 Poydras Street, Suite 400
New Orleans, Louisiana  70139
Telephone:    (504) 523-0400
Facsimile:    (504) 523-5574

**and**

CATER & WILLIS
Jennifer N. Willis (#14877)
Samuel O. Buckley, III (#3632 )
R. Glenn Cater (#4048)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone:    (504) 488-6300
Facsimile:    (504) 488-6302

Attorneys for Petitioners

**PLEASE SERVE:**

The City of New Orleans
Through Mayor Marc Morial
1300 Perdido Street
New Orleans, LA  70112



FILED

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

CIVIL
DISTRICT COURT

NO.: 2000-7489                    DIVISION "B"                    SECTION 15

## THOMAS ANDERSON, ET AL

## VERSUS

## CITY OF NEW ORLEANS, ET AL

FILED:_____          _____
                                                        **DEPUTY CLERK**

## FOURTH AMENDED PETITION IN COMPLIANCE WITH THE COURT ORDER STRIKING CLASS CERTIFICATION

The plaintiffs, Thomas Anderson, et. al., file this Fourth Amended Petition in response to the Order of the Fourth Circuit decertifying the class and ordering the removal of class allegations in this matter.

### I.

The following are named defendants:

a)     The City of New Orleans (hereinafter "the City"), a Louisiana political subdivision situated in the State of Louisiana, Parish of Orleans;

b)     Pan American Life Insurance Company (hereinafter "Pan Am"), a foreign cooperation authorized to do and doing business in the State of Louisiana, Parish of Orleans, at all times relevant to this lawsuit; and

c)     Poydras Square Properties, LLC (NID Corporation) (hereinafter referred to collectively as "Poydras Square/NID"), a foreign corporation authorized to do and doing business in the State of Louisiana, Parish of Orleans, at all times relevant to this lawsuit, the successor in the 2400 Canal Street property title to Pan Am.

Page 1

## II.

The claims of plaintiffs arise out of intentional, willful, wanton, reckless, and negligent conduct in the handling, storage, and concealment of hazardous waste – drums of chemicals, primarily acids – stored and left concealed in the basement of the 2400 Canal Street building, where all plaintiffs worked.

## III.

The chemicals were at all times owned by Pan Am, which stored the drums in the building's basement where those were abandoned when it sold the 2400 Canal Street building to Poydras Square/NID. The new owner did nothing to address the hazardous waste, while it rented the building to the City, resulting in occupants of the building - plaintiffs here - being injured. The City then acquired the building with Pan Am's leaking hazardous waste still in the basement – until a chemical reaction event revealed the hazard and forced a cleanup.

## IV.

While the hazardous materials leaked, the vapor from the acids traveled throughout the building, inundating offices on all floors and entering the lungs, mouths, eyes, noses, etc., of the plaintiffs.

## V.

Metal in the building deteriorated, fabrics were faded, and people complained about smells and ill health effects.

## VI.

As set forth herein, all defendants are liable for the harm caused plaintiffs.

## VII.

The negligent, willful, wanton, reckless, and intentional acts of defendants gave rise to conditions which render the defendants strictly liable unto plaintiffs.

## VIII.

As a result of the conduct of defendants and the conditions created by defendants, plaintiffs sustained physical injuries, emotional distress, death, monetary losses, property

Page 2

losses, medical bills, loss of earning capacity, loss of enjoyment of life, and other damages as are more fully set forth herein and/or as will be shown upon trial.

## IX.

The allegations of the original petition, the first amended petition, the second amended petition, and the third amended Petition are reiterated in full with the exception of the removal of the class action allegations.

## X.

Each of the persons/plaintiffs named below is a resident of the Parish of Orleans, State of Louisiana.

## XI.

The following persons are all individuals who were exposed to chemicals which permeated the 2400 Canal Street building due to the negligent, willful, wanton, reckless, and intentional acts of the defendants: Thomas Anderson, Pamela Davenport, Evelle Thomas, June Harvey, Chaquitah Olitha Mary Abrahms, Joyce M. Adams, Joyce M. Adams, Maggie S. Adams, Jerome Alexander, Tyrone A. Alexander, Ethel Griffin Alexander, Larry D. Allen, Melissa F. Spencer Allen, Carla Henry Allen, Linda Marie Allen, Shannell N. Allen, Daniel C. Allen Jr., Daniel C. Allen Sr., Shawn Marie Alsanders, Titus M. Ambrose Jr., Gary Anderson, Cheryl G. Anderson

Leon Anderson Sr., Tammy Andrews, Paulette Antoine, Adrian C. Antoine, André Curtis Antoine Sr, Ludrick Arceneaux, Thomas P. Anderson, Therese L. Archie-Ray, Charles Boyd Armour Jr, June M. Armour-Harvey, Sharrieff Armstead, George Arnett Jr., Nerond Bibbins Ash, Lynn Winchester Ashley, Susan Aubrey, Patty Auguillard, Shirley E. August, Elmore J. Bachemin Jr., Shyrl Patterson Bagneris, Byron Bailey, Janila A. Bailey, Evelyn C. Bailey, Rena D. Bailey, Melvin Baker, Francine Baker, Freddie Baker, Patricia M. Ballard, Jerome Ballero, Latonya Michelle Ballom, Denise Barber, Joyce M. Barconey, Lakisha Riley Barras, Eugene Barton Jr., Mary Coleman Bates, Beverly A. Moore Batiste, Albert P. Batiste, Arthur Lee Baylor, Danielle Bazanac, Claude J. Bean, Wellington Beaulieu Sr., Yolanda Beavers, Vanessa L. Bell, Sheila P. Bell, Albert J. Bell Jr., Frank T. Ben,

4821-6098-7546, v. 1

Louise Bennett, Gary Bennett Sr., Velma Berry, Donald R. Berryhill Sr., Barbara J. Bertrand, Floretta Marchand Bertrand, Carolyn T. Bethley, Brenda Bevley, Melanie M. Bierria, Ferdinand T. Bigard Jr., Cheryl L. Biggins, Cheryl Bilbo, Murphy J. Billew Jr., Gladys Binder, Carolyn Blackman, Josephine Blackmon, Bridget Tousant Blackmon, Lionel J. Blake Jr., Edgar V. Blanchard, Michael Blevins, Martin G. Blossom Sr., Joseph B. Blue Jr., Fred Bolds, Tiffany Boone, Regina Bornes, Richard N. Boseman, Henry Boss Jr., Enola M. Boudreaux, Michael J. Boudy, Genevieve F. Bourgeois, Sheila Bourne, John Boyd Jr., Irma Braddy, Juanita Barrow Bradford-Coleman, Valerie Branch, Claire Young Brasley, Trina E. Brastfield, David Braud Jr., Erica L. Brazley, Gregory Briant, John A. Brickley, Sandra K. Bridges, Jerlene M. Bridges, Karen B. Bridges-Robinson, Carl E. Bridgewater, Urilee Britton, Kim J. Broadnax, Gregory Brooks, Tiffany A. Brooks, Linda Faye Atkins Brooks, Lizzell M. Brooks-Williams, Larry Broomfield.

## XII.

The following persons were also exposed to chemicals which permeated the 2400 Canal Street building due to the negligent, willful, wanton, reckless, and intentional acts of the defendants: André A. Broomfield, Renee S. Broomfield, Doris Brown, Charles Brown, Timothy Brown, Joyce Brown, Sylvia A. Brown, Tamaria E. Brown, Zelia E. Brown, Stacy Gathright Brown, Kenneth J. Brown, Sylvia J. Brown, Gregory J. Brown, Margie J. Brown, Tyra Johnson Brown, Develle M. Brown, Janice Marie Taylor Brown, LaQuina Populus Brown, Verna M. Brown-Archie, Alva R. Brulé, Gloria Brumfield, Derek Kevin Brumfield Sr., Sonja Daunoy Brunious, Oris B. Buckner III, Miguana Buggage, Michelle A. Bullock, Wanda Burds, Kevin Burns, Belinda A. Burras, Anna W. Burrell, Juanesta Jean Bush, Carl Butler, Catherine C. Butler, Liza Meads Butler, Michael Moore Butler, Norris Edward Butler Jr., Theva M. Butler-Evans, Shalanda Byrd, Regina Byrd, Ray A. Byrd, Henry L. Cagnolatti Sr., Trina Harris Cambrice, Yvette A. Cambridge, Owanda W. Campbell, Cammie Carroll, Rene Carter, David Carter, Gayle J. Carter, Rachel L. Carter, Jessandra M. Carter, Deborra L. Carter-Lipton, Jeanne D. Cates, Neia Causey-Varnado, Cindi M. Cavalier-Burns, Marvin Cephus, Melanie Chamberlain, Helen H. Chapital, Betty

4821-6098-7546, v. 1

Chapman, Deborah Chapman, Lucien S. Charlot Jr., Patricia J Cheevers, Harvey Cherry, Chianti Chisholm, Sharon A. Clark, Martha E. Clausell, Jeannine Clay, Benjamin J. Clements, Lynn T. Cobette, Anita M. Colbert, Antoinette Cole, Lolita Tippen Cole, Veronica A. Celestine Coleman, Clementine G. Coleman, Alfred Coleman Jr., Ronald Charles Coleman Sr., Jeannette Coleman-Joseph, Louis Colin Sr., Sharlene Collins, Joann Collins, Hazel Collins, Eugenia B. Collins, Darlene B. Collins, Ava G. Collins, Mildred W. Collins, Besmer A. Collins Jr., Anna Compass, Edwin J. Condoll Sr., Corliss Conway, Meka S. Cook, Dwayne R. Cooper Sr, Dwanda M. Copper, Elias Cottrell III, Kurt G. Coulon Sr, Raymond J. Cousin Jr, Yvonne Craft, Katrina Craft, Karen B. Crayton, Delisia Foster Crayton, Ernest Crayton III, Trina J. Crenshaw, Cynthia Cross, Elvira P. Crowley, Bruce Crump, Hamp Crump, Damon Crutchfield, Mary Cummings, Cathy L. Cummings-Adams, Yolanda Parker Curd, Pierre A. Curry, Ernest Curry Jr., Hannah Cushenberry, Michael Jack Cutno, Hudson Cutno Jr., Cynthia M. Dabney, Lynda Dabon, Ida Daniel, Reginald M. Daniels, Ernest Dapremont, Janice Matthews Darby, Karen Darensbourg, Alry Darensbourg III, Dianne Darwin, Pamela B. Davenport, Patricia Louise Davenport, Linda Davis, Clarence Davis, Pamela Davis, Joan Davis, Alisha Davis, Gabriel Davis, Christopher Davis, John A. Davis, Deborah Ann Little Davis, Margaret R. Davis, Alvin Davis Jr., Antoinette Davis-Guyton, Ruby Dunn Decquir, Marguerite L. Dede, Antoinette Marie Deselles Dejoie, Joan B. DeMesme, Diane M. Deruise, Antoinette M. DesDunes, Lugenia Diaz, Precious Roshanda Diaz, Marlene V. Dillon, George Dixon, Irene Dixon, Francine M. Dixon, Ronald Dixon Jr., Wynette G. Dobard, Aurora Dobue, Roslyn Dodge, Mary Dollis, Howard Domino, David Q. Domino, Louise A. Donaldson, Inez Dorest, Victor A. Dorsey, Karen Dorsey-Jenkins, Joseph E. Downs, Yolanda Dright –Robinson, Lloyd Eugene Dright Jr., Elaine Dugué, Derrick Dunams, Darlean L. Duncan, Sonya Brooks Duplessis, Charlene Goodman Duplessis, Larry J. Duplessis, Brentley Kevin Duplessis, Virgil W. Duplessis, Guy Dupré, Chrishelle Dupuy, Troylynn Dutton and Joseph A. Dwyer.

4821-6098-7546, v. 1

## XIII.

The following persons were also exposed to chemicals which permeated the 2400 Canal Street building due to the negligent, willful, wanton, reckless, and intentional acts of the defendants: Bernice Reddix Ealy, Janet H. Easterling, Linda Anderson Ebarb, Betty Jean Eby, John Edmonds, Zepporiah A. Edmonds, Marilyn Edwards, Patricia A. Edwards, Cynthia Cuttino Edwards, Beverly M. Edwards, Gerald H. Edwards Jr., Agnes Brown Ellis, Katina L. Ellis, Angelica M. Ellis-Hayes, Melvin Ellzey, Eugene Elzy, Sherida M. Emery, Cipriano L. Espina Jr., Zandra Essex-Williams, Oda M. Estell, Angela M. Esteves, Deindra Breaux Etheridge, Jaqueline Denise Etheridge, Willie H. Etheridge Jr., Zina Eugene, Jacquelyine M. Eursin, Regina Evans, Stacy Evans-Smith, Rita Ann Evans-Williams, Cynthia Ann Fauria-Remy, Carole Favorite, Ta'Keisha Feast, Elise P. Felix, Ronald J. Ferrier, Carolyn F. Fields, Deborah S. Finnie-Jackson, Brian D. Firstley, Shawn A. Flot, Crystal M. Foley, Nicole Fontenot, Shannon V. Ford, Kewana T. Fortuné, Marcel S. Fortuné Jr, Antoinette Foster, Craig A. Foundas, Deana Ervin Francis, Adrain Parker Francis, Shannon Ann Frank, Laval Franklin, Kerry Andrews Franklin, Tronya Franklin-Parker, Shannon Frazier, Tangela Freeman, Dezelma Frere, Janelle Frezier, Rowland Frye, Vera S. Gabriel, Jarelle A. Gabriel-Higginbotham, Jean E. Gaines, Corliss M. White Gaines, Barbara G. Ganheart, Patrick Garner, Louise Cordier Gaspard, Ralph Gavin Sr, Rhonwhinn Gayle, Cherlynn Gaynor, Joyce B. Gibbs, Elvettra N. Gibbs, Belinda Ann Ball Gibson, Michael J. Gibson, Katrina M. Gibson, James Gile Jr., Dianne Marie Gillam, Veronica R. Gipson, Lydia A. Glapion-Days, Tira B. Glover, Vera D. Goeloe, Lloyd M. Goeloe, Esperenda Gordon, Sentrell M. Gordon, Darrell Anthony Gordon Sr., William A. Graffagnini, Debra Graham, Bobby Grant, Dorothy B. Briggs Grant, Alvin D. Grant, DeJuanna B. Gray-Simon, Tracy Green, Bruno Green, Shannon G. Green, Deborah M. Green, Alfred Green III, Edna Gregoire, Jacqueline Griffith, Kaaren Montgomery Grimes, Jimmy Grimes Sr., Calvin Grinstead, Leatha Ann Groomes, David Paul Grunberg, Corliss B. Guidry, Gregory G. Guity, and Iris M. Campfield Gullette.

4821-6098-7546, v. 1

## XIV.

The following additional persons were exposed to chemicals which permeated the 2400 Canal Street building due to the negligent, willful, wanton, reckless, and intentional acts of the defendants: Jacqueline Hagan, Babette Wesby Haines, Nayanta Haley, Michelle Sheppard Hall, Mark A. Hall Sr., Terri J. Hamilton, Gail R. Hampton, Ivory Joseph Handy, Janet L. Handy, Bertha Hankton, Cortez Hankton Sr., Leroy Hargrove, Norman Harrell, Joyce B. Harrell, Alphonse Harris, Marvin Harris, Jovonna Harris, Russhane A. Harris, Wonder D. Harris, Antoinette T. Harris, Bridget W. Harris, Horace Harris Jr., Chantel Harris-Hayes, Lois Harrison, Samuel M. Harrison, Charmaine Hatcher-Lotten, Keycia Havard, Sherrell Hayes, Patricia Hayes, Bryan K. Hayes, Christopher N. Hayes, Richard Hebert, Claudia Henry, Doretha Henry, Sabrina J. Hickerson, Dianne Hicks, Jean Ethelyn Higgins, Arnette Hill, Janice Hill, Sharon M. Hillard, Beverly Hills, Sandy Hinton Jr., Herman H. Hogues Jr., Andree G. Holland, Audrey T. Holloway, Anthony Holmes, Gaynell Holms-Peterson, Sheryl Horn, Adrina H. Houston, Tye Howard, Gercelyn Antonie Howard, Viva M. Howard, Bertha Wright Howard, Alfred Howard III, Roy Hughes Sr., Melvin Excell Hunter Sr., Charley B. Ireland Jr., Dianne Jackson, Sandra Jackson, Kimberly Jackson, Joyce C. Jackson, Ann Davis Jackson, Willie E. Jackson, Samuel L. Jackson, Kevin M. Jackson, Dorothy Whitley Jackson, Edward Jacobs, Ronelle Collins Jacques, Joan M. Jacques, Shirley M. Jagers, Penny Barquet James, Mary L. James, Zina M. James, Howard James Jr., Erica Jarreau, Cynthia M. Jeanmarie, Nathaniel Jeanpierre, Sheila M. Jefferson, Schelaine Jenkins, Shelita Jenkins, Sharon Jenkins, Bernadine Mason Jenkins, Lucille Johnson, Alisa Johnson, Conrad Johnson, Renee Johnson, Percival Johnson, Glynis Johnson, Charlotte Arthur Johnson, Kevin E. Johnson, Clothlide H. Johnson, Wilma J. Johnson, Donna Jean Johnson, Emma L. Johnson, Andrea M. Johnson, Cortina M. Johnson, Leotis M. Johnson, Yolanda Marie Johnson, Claudette P. Johnson, Earlene P. Johnson, Jeanne R. Johnson, Bessie R. Johnson, Shanralette R. Johnson, Charlene T. Johnson, Tabrine T. Johnson, Darrin T. Johnson, Curtis Johnson Jr., Theresa Johnson-Bennett, Letha Jolla, Ethel Jones, Larry Jones, Cheryl Jones, Cassandra Jones, Clover

Jones, Frank Jones, Laura A. Jones, Gaynel E. Jones, Ma'Rhonda F. Jones, Debra L. Jones, Doris L. Toney Jones, Debra M. Jones, Willie Mae Jones, Lillie P. Jones, Leonard Jones III, Sandie Jones-Mikell, Camille M. Jordan, Shavette Joseph, Wayne Anthony Joseph, Nedra L. Joseph, Deborah Lynn Davis Joseph, Kim Marie Joseph, Azemore V. Joseph Sr., Cynthia Jourdain, Theodore J. Keelen, Maxine Keller-Spurlock, Darral J. Kendrick, Arlen Solomon Kennedy, Jacqueline Kennedy-Shine, Connie S. Keys, and Elouise R. King.

## XV.

The following additional persons were exposed to chemicals which permeated the 2400 Canal Street building due to the negligent, willful, wanton, reckless, and intentional acts of the defendants: Rowena E. LaBeaud, Delerna Green LaBostrie, Henry LaCour, Lekesha L. Lafayette, Dolores D. Lagarde, Vadell Lynn Lagarde, Chung K. Lam Sr., Jocinta A. Lamerson, Alma Lanaux, Mary C. Landor, Dianne Landry, Shannon Dorsey Larry, Robert Larry Jr., Renee S. Laurendine, Larry Lawless, Dian M. Lawless, Beryle Lawrence, Yvette LeBlanc Lawrence, Paulette J. Lawrence-Sorina, Brenda A. LeBeau, Lumar J. LeBlanc Jr., Betty Lee, Jennifer Lee, Duana E. Lee, Allison M. Lee, Carlene M. Lee, Raymond E. Lee Jr., Gary J. Lee Sr., Diane Reed Pittman Leftridge, Carol M. Lemon, Perry P. Lemon, Equilla Lenoir, Madeline R. Leon, Yolanda Lewis, Wanda Lewis, Edna Lewis, Sean Lewis, Iola Lewis, Lori A. Lewis, Chandra Bauman Lewis, Jacqueline F. Lewis, Jackie F. Lewis Jean H. Lewis, Lillian M. Lewis, Hazel M. Lewis, Jannett Wade Lewis, Pamela Lewis-Ambrose, Lydia I. Lindsay, Brenda Marie Glover Lindsey, Keith A. Linyear, Gertie Little, Peter Lollis, Vivian Longstreet, Terri Lonzo, June V. Lopez, Debra Lowe, Lula P. Lowe, Raquel Lucas, Barbara B. Lumpkins-Bonseigneur, Brian Luster, Oscar Lymous, Rosalind M. Mackey, Sidney James Madison, Lois W. Madison, Bernadette Magee, Marilyn M. Magee, Juan C. Manuel, Dorothy M. Manuel, Freda R. Marchand, Adriella Deborah Markham Wicker, Hortense Marshall, Latasha Marshall-George, Christine A. Martin, Bettie A. Martin, Glenn A. Martin, Annabell Frank Martin, Earlette Marie Johnson Martin, Victoria M. Martin, Sylvia Sigur Martin, Linda Marie Mason, Cynthia Mason-Kelson, Darice Maxwell, Tawanda Marie McAfee, Shirley P. Cotton

McCall, George McClain, Betty J. McCormick, Tammy McCormick-Broussard, Alfred McCoy, Gezelle Davis McCray, Thomas J. McDermott, A'Jenenne LoCure McDonald, Claudette McFadden, Barbara A. McGee, Ora J. McGee, Brenda Cade McKay, Anita Kineta McKay, Juana L. McKay, Pamela Ann McKee, Varuna Hayes McKendall, Michelle Etheridge McMillian, James McNeil, Janice McNeil, William J. McNulty III, Eljames McQuillens Jr., Justine A. Mearis, Marcelo Mejia Sr., Willistine Melancon, Jacqueline B. Mercadal, Laverne E. Mercadel, Dwayne Meyers, Joseph Miller, Robert Curry Miller, Phyllis F. Millon, Nelda J. Millon, Shannon Mitchell, Ollie G. Mitchell, Angela M. Mitchell, Lucy N. Mitchell, Mary E. Mobley, Rhonda Mollow, Keisha Moore, Betty Boudreaux Morales, Joseph Vincent Morales, Sammie A. Morgan, Sharon M. Morgan, Delicia R. Morgan, Laura S. Morgan, Faye Ann Morris, Kenneth P. Motley, Calhoun M. Moultrie Jr., Mahdi Muhammad, Natasha F. Muse, Dolores P. Muse, Ronald Myers, Douglas Myles, Georgianna A. Nash, Bobby Nathan, Jemial Nelson, Christopher J. Nelson, Tamara Nero, Doris A. Nettles, Tanya D. Nettles-Evans, Kevin Newton, Ann A. Nguyen, Polly M. Noble, Gwendolyn P. Nolan, Sharon Theresa Norbert, Martin J. Nunez, Diane T. Oats, Catherine T. Obioha, Lowminkar Odds, Peggy Ogle, Mayola J. Osirio, Annie Otis, Robert J. Otis, Ronnie Owens, Betty Coats Owens, Linda Reed Paisant, Maurice R. Palmer, Yolanda Scales Palmer, Gerald Parker, Nisha Parker, KeShonna Parker, Nauriene C. Parker, Terry Elaine Parker, Della M. Parker, Cynthia M. Singleton Parker, Lawrence Parker Sr., Vanessa Patterson, Nakeitha Patterson, Dana C. Patterson, Katira Marie Patterson, Julie Marie Patterson, Marchant W. Paxton, Keith Anthony Paylor, Mona Lisa C. Payne, Glinda M. Payton, Arzelius Payton Sr., Donna Jones Pearson, Michael A. Pella, Duwayne Perkins, Bryan Perkins, Darryl Perkins, Edward E. Perkins, Tracy Meyers Perkins, Gail R. Perkins, Sharon Perry, Carol Delone Peters, Demetrise Pette, Valerie Petty, William E. Phillips, Rosalie Pickett, Vivan Rondeno Picou, Elizabeth Allen Pierre, Cheryl J. Pierre, Sylvia A. Poindexter, Victoria L. Poindexter, Roy Porche Jr., Lessie D. Powell, Darlene M. Preston, Kim M. Preston, Dianne B. Price, Phyllis Currie Price, and Kathleen Pumphrey.

Page 9

# XVI.

The following additional persons were exposed to chemicals which permeated the 2400 Canal Street building due to the negligent, willful, wanton, reckless, and intentional acts of the defendants: Ursula Quillen, Ruth B. Ragas, Debra Ann Ramsey, Ella M. Ramsey, Dorothy Randle, Suvilla Ratcliff, Joan F. Reed, Traina M. Reed, Carl E. Reel Sr., Jefferson R. Reese Sr., Juanita Reynolds, Yvonne Estell Reynolds, Millie J. Richards, Annette Richardson, Veronica J. Rillieux, Carolyn D. Roberson, Cathy Roberts, Jack W. Roberts Jr., Teritha Roberts-Covington, Monique Robertson, Charles A. Robertson, Willis J. Robertson, Claudia Robertson-Williams, Ivory Robichaux Jr., Gwendolyn T. Robin, Bernel P. Robin Sr., Wanda V. Robinette, Louis M. Robinette Sr., Ayanna Robinson, Ivan Robinson, Kevin Robinson, Charlotte Robinson, Craig Robinson, Rona Robinson, Dina Catrice Robinson, Pearl Frazier Hammond Robinson, Howard L. Rodgers III, Maria A. Rodney-Wren, Shelia W. Roman, Jean M. Rome, Rhonda Ramsey Rousseve-Hamann, Lawrence C. Rout Jr., Corey Roy, Connie V. Rucker, Hillery A. Rush, Kirtland A. Rush, Katherine Russell, Delores B. Russell, Thomas E. Russell, George A. SaBerre, Dwight D. Sallier, Doris J. Sampson, Madelyn Cosey Sanchez, Diane M. Sanchez, Denise Sanders, Jenerio C. Sanders, Hannah Mae Sanders, Dianne Young Sands, Walter Santa Cruz, Tamika Williams Santa Cruz, Alton Sartain, Derrick R. Saul, Victoria B. Saulny, Irvin Scales Sr., June B. Schubert, Micheleen Scott, Randolph Scott, Lyman Scott, Zachary Scott, Annette Scot, Tammy Scott, Glenis Michael Scott, Tammy Searls, Allison Sears, Albertean Patterson Selmore, William J. Severin, Sheila L. Severin, Brenda J. Stewart Sharret, Nicole Sharret-Walker, Keith Shelling, Cornelious Shelton, Cherry Ann Shepard, Gary A. Shirley, Margie B. Shorter, Joseph Shorter III, Bonita Shropshire, Doris H. Simmons, Anita Thomas Simmons, Lucille W. Simmons, Monique Simms, Shirley Simon, Justin A. Simon, Lynn Ann Simon, Esperan Sip, Isaac R. Skinner, Tanya P. Small, Tarez Smith, Spencer Smith, John Smith, Tanzie Smith, Cecilia Smith, Patricia Smith, Antoinette Smith, Rosalie Smith, Alexander C. Smith, Warren D. Smith, Winona D. Smith, Ramona H. Smith, Sherrye H. Smith, Dedria J. Smith, Patricia Jackson Smith, Willie L. Smith, Rachelle L. Stewart Smith, Emelda M.

Smith, Maria M. Smith, Sharon R. Smith, Selwyn R. Smith, Rosemary Saint Cyr Smith, Yvonne T. Smith, Wanda V. Smith, Donise White Smith, Larry Smith Jr., Kimberly D. Smith-Jones, Gloria M. Smith-Journee, Betty A. Soloman, Felicia Solomon, Harris S. Solomon, Thomas F. Soule Jr., Dolores Soupenne, Juliane Southall, Gerold Speaks Sr., John H. Spillers Jr, Latasha Spot, Lorraine Stalbert, Edward Stemley, Keisha Williams Stephens, Jimmy Stevens, Bernadette Simeon Stevenson, Clinton A. Steward, Elaine W. Steward, Claude Aundray Steward Jr, Claude Steward Sr., Bonita Berry Stewart-Brackins, Russell J. Stone, Janice B. Stroder, Kevia M. Stroder, Latoya R. Stroder, Veronica L. Sturgent-Norman, Beverly A. Swinney and Aneid Sylvas.

## XVII.

The following additional persons were exposed to chemicals which permeated the 2400 Canal Street building due to the negligent, willful, wanton, reckless, and intentional acts of the defendants: Ann Marie Tate, Winifred Taylor, Marilyn D. Taylor, Carolyn D. Taylor, Jesse F. Taylor, Glenda Smith Taylor, Sharon B. Temple, Winknoca Brooks Terrance, Antoinette Terregone-Wells, Alan G. Therence, Carl Thibodeaux, Gregory Thomas, Keith Thomas, Linda Thomas, Carmen Thomas, Susan Thomas, Pamala Thomas, Bruce A. Thomas, Evelle C. Thomas, Jared G. Thomas, Cheryl L. Thomas, Crystal M. Thomas, Artis Thomas Jr., Elbert Ranard Thomas Jr., Patsy J. Thomas-Ross, Deborah A. Thompson, Craig Alton Thompson, Rhonda H. Thompson, Kanika Thurman, Guy Tobias, Stacey Tobias, Edward Toliver Sr., Wendy Torregano, Stephanie D. Trask, Myrtis L. Trask, Valdiner M. Trepagnier, Lorraine G. Triplett, Ceta Ann Jagers Triplett-Reine, Marlene S. Tripps, Linda S. Tripps-Mumphry, Thelma L. Tucker-Labostrie, Milton Turner, Rosalie Blackmon Turner, Albert Jean Turner, Sandra L. Turner, Leon S. Turner, Kenneth V. Turner, Audrey Tyler, Angelia D. Tyler, Troy Lynn Tyler, Trellis D. Van Norman, Margie Rushing Vance, Stacie Varnado, Patrice N. Vaughn, Zethelda Veal, Lois Coudnay Venable, Ian Ventress, Hope M., Woods Vicks, Gena Villavasso, Dell Stewart Wade-Simmons, James Wadley Jr., Emily Walker, Beverly Walker, Willena Ann Walker, Carlos Melward Walker, Don J. Wallace, Edmond B. Wallace Jr., Myrtis B. Warren, Dennis

Washington, Patricia B. Washington, Jacqueline Hickerson Washington, Irma J. Scott Washington, Claudia M. Washington, Marjorie R. Washington, Beyonka Trenice Washington, Gerald J. Washington Sr., Azona Washington-Brown, Russell K. Watson, Donnie Ray Watson, Lynette Esteves Weathersby, Troye Scott Weaver, Stella M. Webb, LaAndreinda W. Webb, Tamara L. Weber, Susan A. Wells, Cheryl West, Fay Ann West, Robert J. West, Clarence West Jr., David C. West Jr., Joanetta White, Racquel White, Betty A. White, Wendy A. White, Nikia C. White, Shellice E. White, Andre M. White, Nichele R. White, Lucille White-Simmons, Gwendolyn Wiggins and Vernance Wilfred.

## XVIII.

The following additional persons were exposed to chemicals which permeated the 2400 Canal Street building due to the negligent, willful, wanton, reckless, and intentional acts of the defendants: Lagabe Williams, Jerry Williams, Sherri Williams, Zandra Williams, Joy Williams, Victor Williams, Marten Williams, Chrisdi Williams, Letty Williams, Dianne Williams, Latoya Williams, Avarelle Williams, Dwight Williams, Shannon Williams, Eddie Williams, Edwina Arnold Williams, Charlotta Bright Williams, Pamela Clay Williams, Enid Crenshaw Williams, Eddie D. Williams, Hugh D. Williams, Ruth E. Williams, Stella F. Moran Williams, Bernadine Guy Williams, Diana H. Williams, Ethel H. Williams, Janet H. Williams, Brenda, Harris Williams, Herman J. Williams, Leslie J. Williams, Diedra Jackson Williams, Carole M. Williams, Gail M. Williams, Shannon M. Williams, Harriette M. Williams, Etta Mae Williams, Herbert McNeal Williams, Rhoena Meyers Williams, Jeanette Moss Williams, Pamela P. Williams, Shirley R. Williams, Donald R. Williams, Deborah Robertson. Williams, Thomas V. Williams, John Yuri Williams, James Z. Williams, Napoleon Williams Jr., Earl A. Williams Jr., Merlin A. Williams Jr., Stanford M. Williams Jr., Cynthia D. Williams-White, Tanga Blunt Wilson, Wayne G. Wilson, Michael Joseph Wilson, Jacqueline Ann Wilson-Bolden, Anisse T. Wiltz, Denise A. Winslow, Wayne Winters, Joseph Wong, Erich Woods, Chiquita Woods, Cindy Long Woods, Mary M. Woodward, Loleta Rogers Wright, Edward V. Wright, Florida R. deClouet

Wyatt, Bernadine Wynne, Jaqueline Yancey, Carol Yarls, Doris Yearby, Arthur Young, Blair A. Young, Joseph Zardies, and Patricia Zaves.

## XIX.

The following persons are the heirs of plaintiffs who were exposed to chemicals which permeated the 2400 Canal Street building due to the negligent, willful, wanton, reckless, and intentional acts of the defendants:    Michael Alexander, as heir of Ethel Alexander (deceased); Dolores Beaulieu, as heir of Wellington Beaulieu, Sr. (deceased); June Bigard, as heir of Ferdinand Bigard, Jr. (deceased); Veronica Blake, as heir of Lionel Blake, Jr. (deceased); Richard Chapital, as heir of Helen Chapital (deceased); Pamela Cherry, as heir of Harvey Cherry (deceased); Dianne Williams and Brenda Spottville, as heirs of Mildred Collins (deceased); Santiago Compass, as heir of Anna Compass (deceased); Jerry A. Duplessis, as heir of Larry Duplessis (deceased); Reganer Edwards, as heir of Gerald Edwards, Jr. (deceased); Lisa Elzy, as heir of Eugene Elzy (deceased); Jeffery Fauria, as heir of Cynthia Fauria-Remy (deceased); Glenn Gaspard, as heir of Louise Gaspard (deceased); Adreama Higgins Mack, as heir of Jean Higgins (deceased); Jermaine Hills, as heir of Beverly Hills (deceased); Corey Jones, as heir of Ethel Jones (deceased); Elena King, as heir of Elouise King (deceased); Allen Landry, as heir of Dianne Landry (deceased); Adrienne Denise Markham, as heir of Adriella Markham Wicker (deceased); Shannon Ann Frank, as heir of Annabell Martin (deceased); Donna Myers, as heir of Ronald Myers (deceased); Keidra Phillips, as heir of William Phillips (deceased); Iris Gullette, as heir of Victoria Poindexter (deceased); Travis Severin, as heir of Sheila Severin (deceased); Juanita Smith, as heir of Willie Smith (deceased); Diane Speaks, as heir of Gerold Speaks, Sr. (deceased); Gwen Spillers, as heir of John Spillers, Jr. (deceased); John Hughes, as heir of Winifred Taylor (deceased); Cheryl West, as heir of Clarence West, Jr. (deceased); Michael White, as heir of Andre White (deceased); Judith Woods, as heir of Erich Woods (deceased); Charisma A. Declouet, as heir of Florida Wyatt (deceased); Nigel Bell, as heir of Joseph Blue, Jr. (deceased); Pamela Boyd, as heir of John Boyd, Jr. (deceased); Dolores Brickley, as heir of John Brickley (deceased); Keith Thomas, as heir of Gayle Carter

(deceased); Nakia Johnson, as heir of Jeannine Clay (deceased); Sandra Underwood, as heir of Jeannette Coleman-Joseph (deceased); Robert Davenport, as heir of Pamela Davenport (deceased); Joseph Harris, as heir of David Domino (deceased); Lynette Ellzey, as heir of Melvin Ellzey (deceased); Brenda Coleman-Davis, as heir of Tangela Freeman (deceased); Brenda Jean-Pierre, as heir of Nathaniel Jeanpierre (deceased); Linda Richard, as heir of Lillie Jones (deceased); Dalton Moore, as heir of Debra Jones (deceased); Ryan Keys, as heir of Connie Keys (deceased); Dian Lawless, as heir of Larry Lawless (deceased); Mary Ellen LeBlanc, as heir of Lumar LeBlanc, Jr. (deceased); Raymond Lee, as heir of Betty Lee (deceased); Iris Gullette, as heir of Lillian Lewis (deceased); Pamela Lewis, as heir of Yolanda Lewis (deceased); Deborah Ann Little Davis, as heir of Gertie Little (deceased); Linda Chisholm, as heir of Dorothy Manuel (deceased); Clarence Marchand, as heir of Freda Marchand (deceased); Sylvia Mitchell, as heir of Shannon Mitchell (deceased); Adrian Francis, as heir of Della Parker (deceased); Lawrence Parker, Jr., as heir of Lawrence Parker, Sr. (deceased); Cheryl Lobeell, as heir of Rosalie Pickett (deceased); Orren Mitchell, Sr., as heir of Cheryl Pierre (deceased); Zina Amaker, as heir of Charles Robertson (deceased); Chawana Robin, as heir of Bernel Robin, Sr. (deceased); Mary Cummings, as heir of Isaac Skinner (deceased); Allison Smith Mitchell, as heir of Ramona Smith (deceased); Darryl Taylor, as heir of Jesse Taylor (deceased); Vanessa Trask, as heir of Myrtis Trask (deceased); Jeremy Villavasso, as heir of Gena Villavasso (deceased); Kashena Wallace, as heir of Edmond Wallace, Jr. (deceased); Deborah Williams, as heir of Earl Williams, Jr. (deceased); Kimberly Young, as heir of Blair Young (deceased); the heirs of Carla Allen (deceased); the heirs of Titus Ambrose, Jr. (deceased); the heirs of Tammy Andrews (deceased); the heirs of Albert Bell, Jr. (deceased); the heirs of Benjamin Clements (deceased); the heirs of Marguerite Dede (deceased); the heirs of Rowland Frye (deceased); the heirs of Betty Owens (deceased); the heirs of Gwendolyn Robin (deceased); and the heirs of Audrey Tyler (deceased).

## PAN AM

### XX.

The chemicals which were stored at 2400 Canal Street and which injured the plaintiffs were placed on the premises by Pan Am.

### XXI.

The injuries suffered by the plaintiffs are the direct result of Pan Am's wrongful conduct in knowingly abandoning and illegally storing the chemicals, and in willfully concealing the dangerous chemicals, the hazardous properties of the chemicals, and the associated health risks from the plaintiffs.

### XXII.

These actions make Pan Am liable not only for damages designed to compensate the plaintiffs for their injuries, but also for exemplary damages as set out in plaintiffs' original petition.

### XXIII.

Defendant, Pan Am, has, at all material times, been aware that hazardous, dangerous chemicals were abandoned on the premises at 2400 Canal Street, and that those chemicals would cause injury to those exposed to the chemicals stored on the property.

### XXIV.

The storage of the chemicals by Pan Am created an unreasonably dangerous condition for subsequent occupants of the property, including the plaintiffs in this lawsuit.

### XXV.

The storage of the chemicals by Pan Am was illegal, negligent, intentional, willful, wanton, and reckless and the extremely dangerous properties of the chemicals were concealed from the plaintiffs by Pan Am.

### XXVI.

It is specifically alleged that the chemicals involved in this case, which were owned by Pan Am and present at 2400 Canal Street, are hazardous and/or toxic substances within the meaning of former Louisiana Civil Code Art. 2315.3, which is applicable to this case,

such that exemplary damages are available and warranted against Pan Am and all other defendants because of defendants' willful, wanton, and/or reckless disregard for public safety in the transportation, storage, and/or handling of hazardous and/or toxic substances, which occurred as alleged herein, and caused the complained of damages.

## XXVII.

The injuries suffered by the plaintiffs are the direct result of Pan Am's wrongful conduct in illegally storing the chemicals and in willfully concealing the presence of the chemicals, the dangerous properties of the chemicals, and the associated health risks of the chemicals from the plaintiffs.

## XXVIII.

These actions make Pan Am liable not only for damages designed to compensate the plaintiffs for their injuries but also for exemplary damages as set out in plaintiffs' original and amended petitions.

## XXIX.

Defendant, Pan Am, intentionally and negligently stored hazardous chemicals (including potassium hydroxide, hydrochloric acid, and hydrofluoric acid) in the basement of the property located at 2400 Canal Street and failed to disclose the hazardous condition it created to its successors in title, Poydras Square/NID and the City – and to building occupants such as plaintiffs. At all relevant times, the barrels and their contents remained the property of Pan Am.

## XXX.

Pan Am is strictly liable as it had custody, control, and *garde* over the 2400 Canal Street property and the chemicals therein.

## POYDRAS SQUARE/NID

## XXXI.

Poydras Property/NID acquired the 2400 Canal Street property from Pan Am and then rented the property to the City with the hazardous chemicals still on the premises.

Page 16

Subsequently, Poydras Square/NID sold the property to the City, again with the hazardous chemicals still on site.

## XXXII.

The chemicals described in plaintiffs' original petition which were stored at 2400 Canal Street and which injured the plaintiffs were placed on the premises by Pan Am during the period of its ownership of the premises. Subsequent to the ownership of the property by Pan Am, the real property was acquired by Poydras Square/NID.

## XXXIII.

Although, upon information and believe, Poydras Square/NID did not buy the chemicals from Pan Am, Poydras Square/NID allowed the chemicals to remain in the property during Poydras Square/NID's ownership of 2400 Canal Street. Poydras Square/NID failed to appropriately dispose of the chemicals, failed to institute appropriate environmental clean-up measures, and failed to warn lessees, subsequent purchasers, occupants, plaintiffs, and others of the dangers posed by the chemicals.

## XXXIV.

The contamination of the 2400 Canal Street building with the Pan Am chemicals, which began during Pan Am's ownership of the property, continued and intensified during Poydras Square/NID's ownership, and existed during the City's ownership.

## XXXV.

Poydras Square/NID had a duty to safely dispose of the chemicals and to warn plaintiffs and others who might be affected by the contamination; it breached those duties, and plaintiffs suffered harm as a result.

## XXXVI.

Poydras Square/NID is strictly liable as it had custody, control, and *garde* over the 2400 Canal Street property and the chemicals therein.

## XXXVII.

The failure of Poydras Square/NID to provide a safe building and suitable workplace constitutes a breach of the contract between defendant and each and every plaintiff.

4821-6098-7546, v. 1

### XXXVIII.

It is specifically alleged that the chemicals involved in this case, which were stored and handled or mishandled by Poydras Square/NID and present at 2400 Canal Street, are hazardous and/or toxic substances within the meaning of former Louisiana Civil Code Art. 2315.3, which is applicable to this case, such that exemplary damages are available and warranted against Poydras Square/NID and all other defendants because of defendants' willful, wanton, and/or reckless disregard for public safety in the transportation, storage, and/or handling of hazardous and/or toxic substances, which occurred as alleged herein, and caused the complained of damages.

### CITY OF NEW ORLEANS

### XXXIX.

Defendant, the City, negligently, willfully, wantonly, recklessly, and intentionally caused and/or allowed there to be present on its property at 2400 Canal Street dangerous levels of hazardous chemicals, including potassium hydroxide, hydrochloric acid, and hydrofluoric acid, which have caused and continue to cause contamination of the premises as well as health problems and personal injury to persons working in the building, specifically, plaintiffs.

### XL.

Defendant, the City, at all material times, should have been aware that hazardous, dangerous chemicals were present on the premises at 2400 Canal Street which would cause injury to those exposed to the chemicals stored on the property.

### XLI.

As owner of the building, the City (like all other defendants) had an obligation to maintain the building in a decent, safe, sanitary, and non-defective condition.

### XLII.

The failure of the City to provide a safe building and suitable workplace constitutes a breach of the contract between defendant and each and every plaintiff.

4821-6098-7546, v. 1

## XLIII.

The City's conduct constitutes a breach of applicable law, regulations, and codes, as does the conduct of Pan Am and Poydras Square/NID.

## XLIV.

The City is strictly liable as it had custody, control, and *garde* over the 2400 Canal Street property and the chemicals therein.

## XLV.

It is specifically alleged that the chemicals involved in this case, which were stored and handled or mishandled by the City and present at 2400 Canal Street, are hazardous and/or toxic substances within the meaning of former Louisiana Civil Code Art. 2315.3, which is applicable to this case, such that exemplary damages are available and warranted against the City and all other defendants because of defendants' willful, wanton, and/or reckless disregard for public safety in the transportation, storage, and/or handling of hazardous and/or toxic substances, which occurred as alleged herein, and caused the complained of damages.

## DEFENDANTS' LIABILITY

## XLVI.

Defendants, Pan Am, Poydras Square/NID, and the City, acted negligently, willfully, wantonly, recklessly, intentionally, and tortuously in the following non-exclusive particulars:

a)      Defendants each knew of the hazardous, dangerous, and non-apparent defects complained of herein and yet took no action to alleviate the health hazard;

b)      Defendants each breached the standard of care owed to the plaintiffs to provide a decent, safe, non-hazardous, and sanitary building;

c)      Defendants each violated regulations, code provisions, and laws by improperly storing chemicals at this office building;

d)      Defendants each concealed the presence of hazardous chemicals in the building and failed to take reasonable precautions, to the detriment of the plaintiffs;

4821-6098-7546, v. 1

e)      Defendants each breached statutory, regulatory, contractual, and delictual duties to the plaintiffs;

f)      Defendants each caused harm to the plaintiffs by forcing them to work and transact business in a location which defendants knew or should have known was contaminated;

g)      Defendants each ignored or mishandled information about complaints and illness of building occupants; and

h)      Defendants are also responsible and liable for such other acts which may be discovered during investigation and trial of this matter.

i)      Defendants are strictly liable.

## XLVII.

Plaintiffs reiterate all the allegations of all prior Petitions.

## DAMAGES

## XLVIII.

The chemical exposure, contamination, and/or poisoning has caused and will continue to cause severe health problems, death, a lifetime of illness, pain and suffering, loss of wages, loss of earning capacity, emotional distress, worry, anxiety, fear, fright, loss of enjoyment of life, decreased physical and mental functioning, disability, and medical expenses, and will require extensive future care, annual testing, extensive future medical treatment, education, rehabilitation, and training.

## XLIX.

As a result of defendants' conduct, the plaintiffs suffer an increased risk of future illness and ailments.

## L.

The plaintiffs require medical care and should undergo annual medical testing as a result of chemical exposure contamination and/or poisoning sustained due to defendants' conduct, and defendants are liable for these expenses.

4821-6098-7546, v. 1

## LI.

As a result of the chemical exposure, contamination, and/or poisoning caused by defendants' intentional and negligent conduct and the defective condition of the property while owned by and after it was owned by each defendant, the plaintiffs have and will not only suffer physical injury, but also have and will suffer anxiety, fear, and related emotional distress regarding the future consequences of their exposure to and contamination by these chemicals.

## LII.

The plaintiffs are entitled to damages for pain and suffering, emotional distress, loss of future earnings, permanent disability, and medical costs.

## LIII.

Plaintiffs have, as a result of defendants' conduct, sustained loss of earnings, reduction in earning capacity, negative employment consequences, loss of function due to maladies associated with the exposure, and other economic and employment related harm.

## LIV.

The injuries and damages which have been or will be sustained by the plaintiffs are a direct consequence of the intentional willful, wanton, and reckless conduct, negligent acts, breach of law, and breach of contract by defendants.

## LV.

It is specifically alleged that the chemicals involved in this case, which were present at 2400 Canal Street, are hazardous and/or toxic substances within the meaning of former Louisiana Civil Code Art. 2315.3, which is applicable to this case, such that exemplary damages are available and warranted because of defendants' willful, wanton, and/or reckless disregard for public safety in the transportation, storage, and/or handling of hazardous and/or toxic substances, which occurred and caused the complained of damages.

4821-6098-7546, v. 1

## LVI.

Because the acts at issue here occurred prior to the comparative fault amendments to the Civil Code, the responsible defendants are liable *in solido*, i.e.; each is responsible for any judgment against any liable defendant.

**WHERFORE,** plaintiffs pray:

1.     For service upon defendants and that after due proceedings that judgment be rendered herein in favor of the named plaintiffs against the defendants, the City of New Orleans, Pan American Life Insurance Company, and Poydras Square, Inc./NID Corporation, *in solido*, in an amount sufficient to compensate plaintiffs for the damage each of them has sustained, and sufficient to punish defendants, together with legal interest, costs, attorneys' fees, and expert fees; and

2.     For all such other relief as might be warranted by the law and nature of the case.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
GAMBEL & TOMPKINS

GARY J. GAMBEL (#19864)
701 Poydras Street, Suite 400
New Orleans, Louisiana   70139
Telephone:   (504) 523-0400
Facsimile:    (504) 523-5574

WILLIS & BUCKLEY, APC
JENNIFER N. WILLIS (#14877)
3723 Canal Street
New Orleans, Louisiana  70119
Telephone:   (504) 488-6301
Facsimile:    (504) 488-6302

ROY F. AMEDEE, JR. (#2449)
3723 Canal Street
New Orleans, Louisiana   70119
Telephone:   (504) 592-3222
Facsimile:    (504) 592-8783

4821-6098-7546, v. 1

ANTONIO CLAYTON  (#21191)
CLAYTON FRUGÈ WARD
3741 Louisiana Highway 1 South
Port Allen, Louisiana   70767
Telephone:   (225) 250-1435
Facsimile:   (225) 383-7631

*ATTORNEYS FOR PLAINTIFFS*

**PLEASE SERVE:**

**THE CITY OF NEW ORLEANS**
**Through its counsel of record**
**Kimlin S. Lee, Esquire**
**Deputy City Attorney**
**City of New Orleans**
**1300 Perdido Street, 5th Floor East**
**New Orleans, Louisiana   70112**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 27th day of September, 2019, served a copy

of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by

telefax, by electronic mail, or by placing same in the United States Mail, properly addressed,

and first class postage prepaid.

Gary J. Gambel

4821-6098-7546, v. 1



**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA** 2001 SEP -6 P 5: 01

NO.: 2000-7489          DIVISION "L"          CIVIL DISTRICT COURT **SECTION 15**

### THOMAS ANDERSON, individually, and ON BEHALF OF THOSE SIMILARLY SITUATED, ALL PERSONS WORKING AT 2400 CANAL STREET FROM THE DATE THE BUILDING WAS ACQUIRED BY THE CITY OF NEW ORLEANS

### VERSUS

### CITY OF NEW ORLEANS

FILED:_____

**DEPUTY CLERK**

CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE
NEW ORLEANS, LA 70112
504-592-9100

**SECOND AMENDED PETITION**

Res. # 0                    Receipt # 111176
Cash In Clk# 1         09/06/01 at 17:00
Case #: 2000 7489    Cashier # 1

AMENDED PETITIONS
1 @ $     75.00    $     75.00
                                      ===========
Total Due           75.00

Plaintiffs, Thomas Anderson, Pamela Davenport, Evelle Thomas, June Thomas,

and Joseph Wong, individually and on behalf of those similarly situated, all persons who

have been exposed to or contaminated by toxic, hazardous chemicals present on the

Check Amount $     75.00
                                      ===========
Change Due $          0.00

premises at 2400 Canal Street, respectfully represent:

### I.

Plaintiffs wish to supplement and amend their Original and First Amended

Petitions by amending the following paragraphs:

### 24.

Made an additional defendant is Pan American Life Insurance Company ("Pan

Am"), a Louisiana insurance company having its principal place of business in New

Orleans, Louisiana. Pan Am is the former owner of the premises and improvements

located at 2400 Canal Street.





 

25.

The chemicals described in plaintiffs' original petition which were stored at 2400 Canal Street and which injured the plaintiffs were placed on the premises by Pan Am during the period of its ownership of the premises. The chemicals described in the Petition were, upon information and belief, used by Pan Am to clean its printing presses.

II.

Plaintiffs wish to supplement and amend their Original and First Amended Petitions by adding the following additional paragraphs:

31.

The chemicals placed on the premises by Pan Am were stored in containers not intended for long-term use, which Pan Am knew or should have known. The caustic nature of the chemicals caused deterioration of the containers, resulting in leakage, spillage and/or diffusion of chemical vapors. These chemicals contaminated the premises at 2400 Canal Street by, among other means, transmission through the building's ventilation system.

32.

The contamination of the premises by these chemicals began during the period of Pan Am's occupancy of 2400 Canal Street and continued and intensified as the containers continued to deteriorate until the chemicals were removed in December 1999. The building remains contaminated and dangerous.

33.

The plaintiffs, persons exposed to the chemicals, primarily employees of the City of New Orleans and/or Pan Am, were continuously exposed to these chemicals throughout the period of defendants' occupancy.

34.

Pan Am, who initially placed these hazardous chemicals in the premises, had a duty to safely and properly store and/or remove of these chemicals. Pan Am breached its

 

duty to plaintiffs through the following non-exclusive particulars:

    a.    Placing and/or storing dangerous chemicals in containers not intended for long-term storage;

    b.    Providing defective, improper and unsafe containers for the chemicals;

    c.    Placing and/or storing dangerous chemicals in a location with inadequate protection against chemical contamination;

    d.    Placing dangerous chemicals in a location where toxic, hazardous chemical vapors could be transmitted throughout the premises by the ventilation system;

    e.    Failing to warn subsequent owners/occupants of the premises that chemicals with toxic and hazardous propensities were stored on the premises;

    ·f.    Failing to warn subsequent owners/occupants of the premises that the chemicals stored on the premises had toxic, hazardous properties;

    g.    Failing to dispose of the chemicals stored on the premises when the building was transferred to subsequent owners/occupants;

    h.    Concealing the dangers presented to occupants of the premises by the chemicals and their containers;

    i.    Concealing from plaintiffs the fact that they had been or were being exposed to the chemical; and

    j.    All other acts of negligence to be shown at trial.

35.

Pan Am's breach of its duty to safely and properly store and/or dispose of these chemicals caused injury to the plaintiffs.

WHEREFORE, plaintiffs reiterate all of the allegations of their Original and First Amended Petitions and further pray:

1.    That judgment be rendered herein declaring and certifying this cause as a class action and for all other orders necessary pursuant thereto;

2.    That there be judgment rendered herein in favor of the named plaintiffs and all those similarly situated, against the defendant, the City of New Orleans and Pan American Life Insurance Company, in an amount sufficient to compensate the named plaintiffs and all those similarly situated for the damage each of them has sustained, and sufficient to punish defendants, together with legal interest, costs, attorney's fees and

 

expert fees;

  3. For a trial by jury on all issues; and

  4. For all such other further relief as might be warranted by the law and nature

of the case.

        Respectfully submitted,

        MURPHY, ROGERS & SLOSS

        Gary J. Gambel (#19864)
        Molly B. Halloran (#22409)
        One Shell Square
        701 Poydras Street, Suite 400
        New Orleans, Louisiana 70139
        Telephone: (504) 523-0400
        Facsimile: (504) 523-5574

        **and**

        CATER & WILLIS
        Jennifer N. Willis (#14877)
        Samuel O. Buckley, III (#3632 )
        R. Glenn Cater (#4048)
        3723 Canal Street
        New Orleans, Louisiana 70119
        Telephone: (504) 488-6300
        Facsimile: (504) 488-6302

        Attorneys for Petitioners

**PLEASE SERVE:**

Pan American Life Insurance Company
Through its counsel of record:
Darryl J. Foster, Esq.
LEMLE & KELLEHER, L.L.P.
21st Floor, Pan American Life Center
601 Poydras Street
New Orleans, LA   70130-6097



FILED

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

2005 JUN 22 P 2: 18

### STATE OF LOUISIANA

CIVIL
DISTRICT COURT

NO.: 2000-7489    DIVISION "B"    SECTION 15

**THOMAS ANDERSON, individually, and ON BEHALF OF THOSE SIMILARLY SITUATED, ALL PERSONS WORKING AT 2400 CANAL STREET FROM THE DATE THE BUILDING WAS ACQUIRED BY THE CITY OF NEW ORLEANS**

**VERSUS**

**CITY OF NEW ORLEANS**

FILED:_____    _____

**DEPUTY CLERK**

### THIRD AMENDED PETITION

Plaintiffs, Thomas Anderson, Pamela Davenport, Evelle Thomas, June Harvey, and Joseph Wong, individually and on behalf of those similarly situated, all persons who have been exposed to or contaminated by toxic, hazardous chemicals present on the premises at 2400 Canal Street, respectfully represent:

```
CIVIL DISTRICT COURT
421 LOYOLA AVENUE
NEW ORLEANS, LA 70112
504-592-9100

Res. # 0              Receipt # 362123
Cash In Clk# 1        06/22/05 at 14:22
Case #: 00 7489       Cashier # 1
---------------------------------------
38          AMENDING PETITIONS
      1 @ $     90.00    $    90.00
Second Amended           90.00
---------------------------------------
Check Amount $           90.00
                    ===========
Change Due $              0.00
```

**I.**

Plaintiffs wish to supplement and amend their Original, Amended, and Second Amended Petitions by adding the following paragraphs:

**36.**

Made additional defendants are Poydras Square, Inc., a Louisiana corporation having its principal place of business in New Orleans, and New Orleans Centre Associates, a Louisiana partnership *in commendam* having its principle place of business in New Orleans. These defendants are hereafter collectively referred to as "Poydras Square."

**37.**

The chemicals described in plaintiffs' original petition which were stored at 2400 Canal Street and which injured the plaintiffs were placed on the premises by Pan American Life Insurance Company ("Pan Am") during the period of its ownership of the premises. Subsequent to the ownership of the property by Pan Am, the real property was acquired by Poydras Square.

*250*



VERIFIED
CELESTE HICKMAN

**38.**

Although Poydras Square did not buy the chemicals from Pan Am, Poydras Square allowed the chemicals to remain in the property during Poydras Square's ownership of 2400 Canal Street. Poydras Square failed to appropriately dispose of the chemicals, failed to institute appropriate environmental cleanup measures, and failed to warn plaintiffs and others of the dangers posed by the chemicals.

**39.**

The contamination of the 2400 Canal Street building with the chemicals, which began during Pan Am's ownership of the property, continued and intensified during Poydras Square's ownership.

**40.**

Poydras Square had a duty to safely dispose of the chemicals and to warn plaintiffs and others who might be affected by the contamination; it breached those duties and plaintiffs suffered harm as a result.

WHEREFORE, plaintiffs reiterate all of the allegations of their Original, First, and Second Amended Petitions and further pray:

1.      That judgment be rendered herein declaring and certifying this cause as a class action and for all other orders necessary pursuant thereto;

2.      That there be judgment rendered herein in favor of the named plaintiffs and all those similarly situated, against the defendants, the City of New Orleans, Pan American Life Insurance Company, Poydras Square, Inc., and New Orleans Centre Associates, in an amount sufficient to compensate the named plaintiffs and all those similarly situated for the damage each of them has sustained, and sufficient to punish defendants, together with legal interest, costs, attorney's fees and expert fees;

251

-2-

3.      For a trial by jury on all issues; and

4.      For all such other further relief as might be warranted by the law and nature of the case.

Respectfully submitted,

CATER & WILLIS

Jennifer N. Willis (#14877)
R. Glenn Cater (#4048)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone:    (504) 488-6300
Facsimile:     (504) 488-6302

**and**

MURPHY, ROGERS, SLOSS & GAMBEL
Gary J. Gambel (#19864)
Molly B. Halloran (#22409)
One Shell Square
701 Poydras Street, Suite 400
New Orleans, Louisiana  70139
Telephone:    (504) 523-0400
Facsimile:     (504) 523-5574

Attorneys for Petitioners

**PLEASE SERVE:**

**THE CITY OF NEW ORLEANS**
Through its attorney of record:
John M. Holahan, Jr., Esquire
Assistant City Attorney
City of New Orleans
1300 Perdido Street
New Orleans, Louisiana   70112

**PAN AMERICAN LIFE INSURANCE COMPANY**
Through its attorney of record:
Darryl J. Foster, Esquire
Lemle & Kelleher, L.L.P.
21st Floor, Pan American Life Center
601 Poydras Street
New Orleans, Louisiana   70130-6097

**POYDRAS SQUARE, INC.**
Through its agent for service of process:
The Prentice-Hall Corporation System, Inc.
203 Carondelet Street, Suite 811
New Orleans, Louisiana   70130

**NEW ORLEANS CENTRE ASSOCIATES**
Through its general partner: Poydras Square, Inc.
Through its agent for service of process:
The Prentice-Hall Corporation System, Inc.
203 Carondelet Street, Suite 811
New Orleans, Louisiana   70130

*253*

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO.: 2000-7489                 DIVISION "B"                 SECTION 15

**THOMAS ANDERSON, individually, and ON BEHALF OF THOSE
SIMILARLY SITUATED, ALL PERSONS WORKING AT 2400 CANAL
STREET FROM THE DATE THE BUILDING WAS ACQUIRED BY THE
CITY OF NEW ORLEANS**

**VERSUS**

**CITY OF NEW ORLEANS**

FILED:_____        _____
                                                      **DEPUTY CLERK**

**O R D E R**

IT IS ORDERED that the foregoing Third Amended Petition be filed herein.

New Orleans, Louisiana, this _8th_ day of _August_____, 2005.

_____
JUDGE, Division "B"

*254*

-5-

*1665*

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: *2000 - 7489*        DIVISION " **L** "        SECTION 15

THOMAS ANDERSON, PAMELA DAVENPORT,
EVELLE THOMAS, JUNE HARVEY, JOSEPH WONG, INDIVIDUALLY and
ON BEHALF OF THOSE SIMILARLY SITUATED,
ALL PERSONS EXPOSED TO
CHEMICALS AT 2400 CANAL STREET

versus

CITY OF NEW ORLEANS

FILED:_____   _____
                                                                **DEPUTY CLERK**

## PETITION FOR DAMAGES

The Petition of Thomas Anderson, Pamela Davenport, Evelle Thomas, June Harvey, and

Joseph Wong, Individually and on behalf of those similarly situated, all persons who have been

exposed to or contaminated by toxic, hazardous chemicals present on the premises at 2400 Canal

Street, respectfully represents:

**1.**

The following party is made defendant herein:

The City of New Orleans, which owns, operates and maintains a building known as the City

Hall Annex located at 2400 Canal Street, in the Parish of Orleans and which, in said capacity, is

responsible for the operation, management, maintenance, and condition of that building.

**2.**

Defendant, City of New Orleans, negligently and intentionally caused and/or allowed there

to be present on its property at 2400 Canal Street, dangerous levels of hazardous chemicals,

including potassium hydroxide, hydrochloric acid and hydrofiboric acid, which have caused and

continue to cause contamination of the premises as well as health problems and personal injury to

persons working in the building.

**3.**

The named plaintiffs are members of a class, and are representative of all those persons

similarly situated, harmed due to exposure to or contamination by chemicals present at 2400

Canal Street.

*255*

**4.**

This is a class action instituted pursuant to the provisions of Article 591, et seq. of the Louisiana Code of Civil Procedure by petitioners on their own behalf and as members of the class of all similarly situated persons who have sustained damages arising or resulting from the circumstances, events, acts and omissions complained of herein, specifically, all persons who sustained harm due to the presence of and exposure to hazardous chemicals at the building at 2400 Canal Street.

**5.**

Petitioners are entitled to have this cause maintained as a class action pursuant to Louisiana Code of Civil Procedure, Article 591, et seq., for the following reasons:

a) The persons constituting the class are so numerous that the individual joinder of all parties is impractical;

b) There exists a common character among the rights sought to be enforced on behalf of the class among the named class representatives and the unnamed members of the class;

c) The named plaintiffs or representatives of the class are all members of the class and are so situated as to provide adequate representation for the unnamed class members;

d) The unnamed class members have no substantial interest in individually controlling the prosecution of their separate actions;

e) There are common questions and issues of law and fact involved in this matter which predominate over questions affecting individual class members;

f) Any defenses or theories of resistance to liability created by the defendants would be applicable to all claims presented by the members of the class;

g) Prosecution and separate actions by individual class members will create a serious risk of inconsistent or varying adjudications which may prejudicially affect the claims of other class members in subsequent litigation;

h) The prosecution of separate actions by the individual class members poses the risk that the separate adjudications respecting individual claimants would not be entirely dispositive of the interest of class members not parties to the litigation or would otherwise substantially impair or impede the ability of the class members to protect their interests;

i) The class action is a superior procedural vehicle for this litigation because the primary objectives of the class action, economies of time, effort and expense, will be achieved principally because:

    1) Questions of law of fact common to the class members predominate over questions affecting only individual members;

    2) Any defenses would be generally applicable to all members of the class;

*256*

3)   It is desirable to litigate this matter in a single forum where substantially all witnesses, class members and properties are located, and where the identity of the main issues of liability and all claims leads to a prompt, efficient, and relatively inexpensive trial;

4)   The number of plaintiffs in this matter are so numerous that requiring separate suits would prove an onerous burden to the court;

5)   The majority of the class members have neither the resources nor the interest in maintaining or controlling the litigation brought on their behalf in separate suits;

6)   There may be some difficulty in identifying all members of the class, even though the class is adequately identified, thus the unnamed class members may not be afforded protection or relief if it were not for the procedural vehicle of a class action;

7)   Many class members may not be aware of their rights or of the harm caused them, due to concealment or other acts by defendant;

8)   Through the vehicle of the class action, the court may adopt a management plan relative to all aspects of this litigation.

9)   The class action vehicle would best insure procedural fairness to class members in that its utilization would avoid prejudicial or inconsistent precedence of claims, first adjudicated, were the claims to be individually litigated; and

10)  The vehicle of the class action may be more easily managed than some other procedural vehicle considering the opportunity to afford reasonable notice of significant phases of the litigation, including discovery, to class members.

**6.**

Defendant has, at all material times, been aware that hazardous, dangerous chemicals were present on the premises at 2400 Canal Street, which would cause injury to those exposed to the chemicals stored on the property.

**7.**

Despite defendant's knowledge of the risk presented by these chemicals, it (intentionally recklessly and callously) nonetheless ordered petitioners and those similarly situated to work in this dangerous environment with constant exposure to deadly, dangerous, hazardous, and harmful chemicals, and thereby knowingly and intentionally caused great harm to the named plaintiffs and others similarly situated.

**8.**

Despite defendant's knowledge that the hazard presented by the dangerous chemicals, was substantially certain to injure plaintiffs, the defendant did not discharge its duty to the named

*257*

3

plaintiffs and those similarly situated to inspect and eliminate the dangers attendant to the presence, improper storage and inadequate monitoring of chemicals in the office building located at 2400 Canal Street.

### 9.

As owner of the building, defendant has an obligation to maintain the building in a decent, safe, sanitary and non-defective condition.

### 10.

The failure of defendant to provide a safe building and suitable workplace constitutes a breach of the contract between defendant and each and every named plaintiff and those similarly situated.

### 11.

Defendant's conduct constitutes a breach of applicable law, regulations, and codes.

### 12.

Defendant's conduct was intentional and was in gross, callous disregard for the known harm that was certain to befall petitioners.

### 13.

Defendant was intentional and tortious in the following non-exclusive particulars:

a.  Defendant knew of the hazardous, dangerous and non-apparent defects complained of herein and yet took no action to alleviate the health hazard;

b.  Defendant breached the standard of care owed to the named plaintiffs and those similarly situated to provide a decent, safe, non-hazardous and sanitary building;

c.  Defendant violated regulations, code provisions, and laws by improperly storing chemicals at this office building;

d.  Defendant intentionally concealed the presence of hazardous chemicals in the building and failed to take reasonable precautions, to the detriment of the named plaintiffs and those similarly situated;

e.  Defendant breached its  contractual and its delictual duties to the named plaintiffs and others similarly situated;

f.  Defendant intentionally caused harm to the named plaintiffs and those similarly situated by forcing them to work and transact business in a location known to be contaminated; and

g.  Defendant is also responsible and liable for such other negligent, intentional and/or criminal acts which may be discovered during investigation and trial of this matter.

*258*

**14.**

The chemical exposure, contamination and/or poisoning has caused and will continue to cause severe health problems, a lifetime of illness, pain and suffering, loss of wages,  loss of earning capacity, emotional distress, worry, anxiety, fear, fright, loss of enjoyment of life, decreased physical and mental functioning, and disability, and will require extensive future care, annual testing, extensive future medical treatment, education, rehabilitation and training.

**15.**

As a result of defendant's conduct, the named plaintiffs and those similarly situated suffer an increased risk of future illness and ailments.

**16.**

The named plaintiffs, and those similarly situated, require medical care and should undergo annual medical testing as a result of the chemical exposure contamination and/or poisoning sustained due to defendant's conduct, and defendant is liable for these expenses.

**17.**

In addition to the lifelong consequences upon the named plaintiffs and those similarly situated, the chemical exposure, contamination and/or poisoning also presents a risk of harm to the named plaintiffs' and those similarly situated's spouses, children and future children and this compounds the anxiety, distress and suffering associated with defendant's conduct.

**18.**

As a result of the chemical exposure, contamination and/or poisoning caused by defendant's intentional and negligent conduct, and the defective condition of defendant's property, the named plaintiffs and those similarly situated will not only suffer physical injury, but will also suffer anxiety, fear and related emotional distress regarding the future consequences of their exposure to and contamination by these chemicals.

**19.**

Your named plaintiffs and/or their spouses and children and those similarly situated have or will suffer a loss of society, companionship, services, enjoyment of life and other elements of consortium.

259

**20.**

The named plaintiffs and those similarly situated are entitled to damages for pain and suffering, emotional distress, loss of consortium, loss of future earnings, permanent disability and medical costs.

**21.**

Petitioners and those similarly situated have, as a result of defendant's conduct, sustained loss of earnings, reduction in earning capacity, negative employment consequences, loss of function due to maladies associated with the exposure and other economic and employment related harm.

**22.**

The injuries and damages which have been or will be sustained by the named plaintiffs and those similarly situated are a direct consequence of the intentional conduct, negligent acts, breach of law and breach of contract by defendant.

**23.**

It is specifically alleged that the chemicals involved in this case, which were or are present at 2400 Canal Street, are hazardous and/or toxic substances within the meaning of Louisiana Civil Code Art. 2315.3, which is applicable to this case, such that exemplary damages are available and warranted because of defendant's willful, wanton, and/or reckless disregard for public safety in the transportation, storage and/or handling of hazardous and/or toxic substances, which occurred and caused the complained of damages.

**WHEREFORE,** the named plaintiffs on their own behalf and on behalf of all those similarly situated pray:

(1)     That judgment be rendered herein declaring and certifying this cause as a class action and for all other orders necessary pursuant thereto;

(2)     That there be judgment rendered herein in favor of the named plaintiffs and all those similarly situated, against the defendant herein, in an amount sufficient to compensate the named plaintiffs and all those similarly situated for the damage each of them has sustained, and sufficient to punish defendant, together with legal interest, costs, attorney's fees and expert fees; and

*260*

(3)     For all such other further relief as might be warranted by the law and nature of the

case.

Respectfully submitted,

MURPHY, ROGERS & SLOSS

Gary J. Gambel (#19864)
Molly B. Halloran (#22409)
One Shell Square
701 Poydras Street, Suite 400
New Orleans, Louisiana  70139
Telephone:     (504) 523-0400
Facsimile:      (504) 523-5574

**and**

CATER & WILLIS
Jennifer N. Willis (#14877)
Samuel O. Buckley, III (#3632 )
R. Glenn Cater (#4048)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone:     (504) 488-6300
Facsimile:      (504) 488-6302

Attorneys for Petitioners

**PLEASE SERVE:**

The City of New Orleans
Through Mayor Marc Morial
1300 Perdido Street
New Orleans, LA  70112

*261*

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NUMBER: 94-19231

00-7489

DIVISION "E"              CIVIL              DOCKET
                        DISTRICT COURT

THOMAS ANDERSON, individually,  and ON BEHALF OF THOSE
SIMILARLY SITUATED, ALL PERSONS WORKING AT 2400 CANAL
STREET FROM THE DATE THE BUILDING WAS ACQUIRED BY THE
CITY OF NEW ORLEANS

versus

CITY OF NEW ORLEANS,
HOUSING AUTHORITY OF NEW ORLEANS,
C. J. BROWN PUBLIC HOUSING MANAGEMENT COMPANY,
XYZ INSURANCE COMPANY, and
LOUISIANA INSURANCE GUARANTY ASSOCIATION


FILED:_____        _____
                                              DEPUTY CLERK

### AMENDED PETITION

Plaintiffs, Thomas Anderson, Pamela Davenport, Evelle Thomas, June Harvey, and

Joseph Wong, Individually and on behalf of those similarly situated, all persons who have

been exposed to or contaminated by toxic, hazardous chemicals present on the premises at

2400 Canal Street, respectfully represent:

**I.**

Plaintiffs wish to supplement and amend the Original Petition by adding the

following additional paragraphs:

**24.**

Made an additional defendant is Pan American Life Insurance Company ("Pan Am"),

a Louisiana insurance company having its principal place of business in New Orleans,

Louisiana.

**25.**

The chemicals described in plaintiffs' original petition which were stored at 2400

Canal Street and which injured the plaintiffs were placed on the premises by Pan Am.

*262*

Page 1 of 3

26.

The storage of the chemicals by Pan Am created an unreasonably dangerous condition for subsequent occupants of the property, including the plaintiffs in this lawsuit.

27.

The storage of the chemicals by Pan Am was illegal, and the extremely dangerous properties of the chemicals were concealed from the plaintiffs by Pan Am.

28.

The injuries suffered by the plaintiffs are the direct result of Pan Am's wrongful conduct in illegally storing the chemicals and in willfully concealing the dangerous properties of the chemicals and the associated health risks from the plaintiffs.

29.

These actions make Pan Am liable not only for damages designed to compensate the plaintiffs for their injuries but also for exemplary damages as set out in paragraph 23 of plaintiffs' original petition.

30.

Plaintiffs are entitled to a trial by jury in this case.

**WHEREFORE,** plaintiffs reiterate all of the allegations of their original petition and further pray:

1. That judgment be rendered herein declaring and certifying this cause as a class action and for all other orders necessary pursuant thereto;

2. That there be judgment rendered herein in favor of the named plaintiffs and all those similarly situated, against the defendant, the City of New Orleans and Pan American Life Insurance Company, in an amount sufficient to compensate the named plaintiffs and all those similarly situated for the damage each of them has sustained, and sufficient to punish defendants, together with legal interest, costs, attorney's fees and expert fees; and

3. For all such other further relief as might be warranted by the law and nature of the case.

*263*

Page 2 of 3

Respectfully submitted,

MURPHY, ROGERS & SLOSS

_____

Gary J. Gambel (#19864)
Molly B. Halloran (#22409)
One Shell Square
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574

**and**

CATER & WILLIS
Jennifer N. Willis (#14877)
Samuel O. Buckley, III (#3632 )
R. Glenn Cater (#4048)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-6300
Facsimile: (504) 488-6302

Attorneys for Petitioners

**PLEASE SERVE:**

Pan American Life Insurance Company
Through its agent for service of process:
Raymond J. Munna
William T. Steen
Legal Department
601 Poydras Street
New Orleans, LA 70130

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2000-7489          DIVISION "L"          SECTION 15

THOMAS ANDERSON, individually,  and ON BEHALF OF THOSE
SIMILARLY SITUATED, ALL PERSONS WORKING AT 2400 CANAL
STREET FROM THE DATE THE BUILDING WAS ACQUIRED BY THE
CITY OF NEW ORLEANS

VERSUS

CITY OF NEW ORLEANS

FILED:_____          _____
                                              DEPUTY CLERK

SECOND AMENDED PETITION

Plaintiffs, Thomas Anderson, Pamela Davenport, Evelle Thomas, June Harvey,

and Joseph Wong, individually and on behalf of those similarly situated, all persons who

have been exposed to or contaminated by toxic, hazardous chemicals present on the

premises at 2400 Canal Street, respectfully represent:

I.

Plaintiffs wish to supplement and amend their Original and First Amended

Petitions by amending the following paragraphs:

24.

Made an additional defendant is Pan American Life Insurance Company ("Pan

Am"), a Louisiana insurance company having its principal place of business in New

Orleans, Louisiana.  Pan Am is the former owner of the premises and improvements

located at 2400 Canal Street.

*265*

Page 1 of 4

25.

The chemicals described in plaintiffs' original petition which were stored at 2400 Canal Street and which injured the plaintiffs were placed on the premises by Pan Am during the period of its ownership of the premises.  The chemicals described in the Petition were, upon information and belief, used by Pan Am to clean its printing presses.

## II.

Plaintiffs wish to supplement and amend their Original and First Amended Petitions by adding the following additional paragraphs:

31.

The chemicals placed on the premises by Pan Am were stored in containers not intended for long-term use, which Pan Am knew or should have known.  The caustic nature of the chemicals caused deterioration of the containers, resulting in leakage, spillage and/or diffusion of chemical vapors.  These chemicals contaminated the premises at 2400 Canal Street by, among other means, transmission through the building's ventilation system.

32.

The contamination of the premises by these chemicals began during the period of Pan Am's occupancy of 2400 Canal Street and continued and intensified as the containers continued to deteriorate until the chemicals were removed in December 1999. The building remains contaminated and dangerous.

33.

The plaintiffs, persons exposed to the chemicals, primarily employees of the City of New Orleans and/or Pan Am, were continuously exposed to these chemicals throughout the period of defendants' occupancy.

34.

Pan Am, who initially placed these hazardous chemicals in the premises, had a duty to safely and properly store and/or remove of these chemicals.  Pan Am breached its



duty to plaintiffs through the following non-exclusive particulars:

  a.  Placing and/or storing dangerous chemicals in containers not intended for long-term storage;

  b.  Providing defective, improper and unsafe containers for the chemicals;

  c.  Placing and/or storing dangerous chemicals in a location with inadequate protection against chemical contamination;

  d.  Placing dangerous chemicals in a location where toxic, hazardous chemical vapors could be transmitted throughout the premises by the ventilation system;

  e.  Failing to warn subsequent owners/occupants of the premises that chemicals with toxic and hazardous propensities were stored on the premises;

  f.  Failing to warn subsequent owners/occupants of the premises that the chemicals stored on the premises had toxic, hazardous properties;

  g.  Failing to dispose of the chemicals stored on the premises when the building was transferred to subsequent owners/occupants;

  h.  Concealing the dangers presented to occupants of the premises by the chemicals and their containers;

  i.  Concealing from plaintiffs the fact that they had been or were being exposed to the chemical; and

  j.  All other acts of negligence to be shown at trial.

35.

Pan Am's breach of its duty to safely and properly store and/or dispose of these chemicals caused injury to the plaintiffs.

WHEREFORE, plaintiffs reiterate all of the allegations of their Original and First Amended Petitions and further pray:

  1.  That judgment be rendered herein declaring and certifying this cause as a class action and for all other orders necessary pursuant thereto;

  2.  That there be judgment rendered herein in favor of the named plaintiffs and all those similarly situated, against the defendant, the City of New Orleans and Pan American Life Insurance Company, in an amount sufficient to compensate the named plaintiffs and all those similarly situated for the damage each of them has sustained, and sufficient to punish defendants, together with legal interest, costs, attorney's fees and

expert fees;

3.    For a trial by jury on all issues; and

4.    For all such other further relief as might be warranted by the law and nature

of the case.

Respectfully submitted,

MURPHY, ROGERS & SLOSS

_____

Gary J. Gambel (#19864)
Molly B. Halloran (#22409)
One Shell Square
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone:    (504) 523-0400
Facsimile:    (504) 523-5574

**and**

CATER & WILLIS
Jennifer N. Willis (#14877)
Samuel O. Buckley, III (#3632 )
R. Glenn Cater (#4048)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone:    (504) 488-6300
Facsimile:    (504) 488-6302

Attorneys for Petitioners

**PLEASE SERVE:**

Pan American Life Insurance Company
Through its counsel of record:
Darryl J. Foster, Esq.
LEMLE & KELLEHER, L.L.P.
21st Floor, Pan American Life Center
601 Poydras Street
New Orleans, LA   70130-6097

*268*

FILED

2024 MAR -1  AM 11: 04

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2000-7489                                              DIVISION: "J"

**THOMAS ANDERSON, ET AL.**

**VERSUS**

**CITY OF NEW ORLEANS, ET AL.**

FILED: _____

**DEPUTY CLERK**

<u>**THIRD PARTY PETITION**</u>

NID Corporation ("NID"), as Third Party-Plaintiff herein, files this third party petition

against its liability insurers who have a duty to defend and indemnify NID against and for all or

part of the Plaintiffs' principal demands, representing upon information and belief as follows:

Made Third Party Defendants are:

(a) The Continental Insurance Company ("Continental"), an Illinois corporation

engaged in the insurance business with a statutory home office and principal place

of business located at 151 North Franklin Street, Chicago, IL 60606, which at all

times was authorized to and in fact transacting business in the State of Louisiana;

(b) Travelers Casualty and Surety Company ("Travelers"), a corporation organized and

existing under the laws of the State of Connecticut with its principal place of

business in Hartford, Connecticut, which at all times was authorized to and in fact

transacting business in the State of Louisiana, and which was formerly known as

"The Aetna Casualty and Surety Company"; and

(c) Fireman's Fund Insurance Company ("FFIC"), a corporation organized and

existing under the laws of Illinois with its principal place of business in Chicago,

Illinois, and which at all times was authorized to and in fact transacting business in

the State of Louisiana;

(Continental, Travelers, and FFIC are sometimes referred to collectively as "Third Party Insurer

Defendants" or each/any individually as "Third Party Insurer Defendant").

CHELSEY RICHARD NAPOLEON

402 CIVIL COURTS BUILDING

NEW ORLEANS, LA 70112

1.  504 - 407 - 0000

| | |
|---|---|
| Receipt Date | 3/1/2024 11:10:0 |
| Receipt Number | 962193 |
| Cashier | cdickerson |
| Register | DC Cash Regis |
| Grand Total | $ 144.50 |
| Amount Received | $ 144.50 |
| Balance Due | $ 0.00 |
| Over Payment | $ 0.00 |
| Check # 24233 | $144.50 |

| Item | Charged |
|---|---|
| Petitions for Third P... arty Demand | $90.00 |
| Building Fund Fee | $25.00 |
| JSC | $29.50 |

VERIFIED
3/1/24

2.

On May 16, 2000, Plaintiffs initiated the principal demands herein against the City of New Orleans ("the City") as a putative class action by filing their Petition for Damages asserting claims seeking damages for alleged exposures to dangerous substances allegedly stored in the basement of a building located at 2400 Canal Street in New Orleans, Louisiana known as the City Hall Annex (the "Property").

3.

During 2001, Plaintiffs filed their First Amended Petition and Second Amended Petition herein naming Pan American Life Insurance Company ("Pan Am") as defendant and seeking damages for alleged exposure to dangerous substances allegedly stored in the Property.

4.

Plaintiffs filed their Third Amended Petition on or about June 22, 2005, naming Poydras Square, Inc. ("PSI") and New Orleans Centre Associates ("NOCA") as additional defendants from which Plaintiffs seek damages for alleged exposure to dangerous substances allegedly stored in the Property.

5.

On September 27, 2019, Plaintiffs filed their Fourth Amended Petition herein naming "Poydras Square Properties, LLC (NID Corporation)" as an additional defendant from which Plaintiffs seek damages for alleged exposure to dangerous substances allegedly stored in the Property.

6.

Poydras Square Associates ("PSA") once had a limited interest in the Property during certain times. At all material times, PSA's sole general partner was PSI. PSA was a partnership between PSI (75% interest) and an affiliated Louisiana corporation, Lake Charles Mall, Inc. (25% interest). In December 1989, PSA changed its name to New Orleans Centre Associates ("NOCA"). In August 1994, NOCA was dissolved by written agreement of its general partner, PSI, and its limited partner, Lake Charles Mall, Inc. ("LCM"). At all material times, LCM's and PSI's sole shareholder was the Edward J. DeBartolo Corporation. LCM was dissolved by affidavit in March 1995. PSI was dissolved by affidavit in April 1995. On February 12, 2001, The Edward J. DeBartolo Corporation changed its name to NID Corporation.

7.

Plaintiffs allege in their principal demand herein, among other things and subject to their specific wording, that NID is liable to pay damages caused by means of an accident and/or continuous or repeated exposures to conditions, which resulted in Plaintiffs' alleged bodily injuries due to alleged exposures to toxic materials during the time period of August 10, 1982 through December 9, 1999.

8.

NID denies liability for Plaintiffs' claims and damages alleged herein and reiterates and reavers by reference all of its denials and defenses to same set forth in its Exceptions and Answers and affirmative defenses filed herein. To the extent NID is liable for Plaintiffs' claims herein, however, the Third Party Insurer Defendants owe NID indemnity therefore or payment thereof in accordance with the terms of their liability insurance policies issued to NID.

9.

Continental issued various liability insurance policies, which, subject to their terms, conditions, limitations and exclusions, insure NID and pursuant to which, if NID be found liable herein, Continental is or will be obligated to indemnify NID (and/or be liable to plaintiffs directly) for all or part of Plaintiffs' principal demands herein against NID, including without limitation the following (the "Continental Policies"):

(a)   CGL Policy No. CBP102380 with a policy period of July 1, 1980 to December 31, 1983 (cancelled effective December 31, 1982);

(b)   CGL Policy No. CBP917871 with a policy period of December 31, 1982 to December 31, 1985 (cancelled effective December 31, 1984);

(c)   CGL Policy No. L991494 with a policy period of December 31, 1987 to December 31, 1988;

(d)   CGL Policy No. CLP9992287 with a policy period of December 31, 1988 to December 31, 1991;

(e)   CGL Policy No. CBP9994326-94 with a policy period of December 31, 1991 to December 31, 1993;

(f)   CGL Policy No. CBP9994326-96 with a policy period of December 31, 1993 to December 31, 1994;

(g)   Commercial Catastrophe Coverage Policy No. CBP9994326-94 with a policy period of December 31, 1991 to December 31, 1993;

(h)   Commercial Catastrophe Coverage Policy No. CBP9994326-96 with a policy period of December 31, 1993 to December 31, 1994;

(i)   General Liability policy No. L3562156 issued by Fidelity & Casualty (which is upon information and belief a wholly-owned subsidiary of Continental) for the period

December 31, 1993-December 31, 1994;

(j) Excess Umbrella Policy No. SRX 3196775 with a policy period of July 1, 1981 to July 1, 1982;

(k) Excess Umbrella Policy No. SRX 1891281 with a policy period of January 1, 1983 to December 31, 1983;

(l) Excess Umbrella Policy No. SRX 1891462 with policy period of December 31, 1983 to December 31, 1984;

(m) Excess Umbrella Policy No. SRX LX1891757 with policy period of December 31, 1984 to December 31, 1985;

(n) Excess Umbrella Policy No. SRX LX9991522 and LX9991523 with policy periods of December 31, 1987 to December 31, 1988; and

(o) Excess Umbrella Policy No. CBP9992285 with a policy period of December 31, 1988 to December 31, 1991.

10.

Travelers issued various liability insurance policies, which, subject to their terms, conditions, limitations and exclusions, insure NID and pursuant to which, if NID be found liable herein, Travelers is or will be obligated to indemnify NID and/or be liable to plaintiffs directly for all or part of Plaintiffs' principal demands herein against NID, including without limitation the following (the "Travelers Policies"):

(a) Primary Policy No. 02 GL 460836 SCA with a policy period of December 31, 1984 to December 31, 1985;

(b) Primary Policy No. 02 GL 460853 SCA with a policy period of December 31, 1985 to December 31, 1986

(c) Primary Policy No. 02 GL 460863 SCA with a policy period of December 31, 1986 to December 31, 1987;

(d) Policy No. #02XS5469SCA with a policy period of December 31, 1984 to December 31, 1985;

(e) Policy No. 027X5486SCA with a policy period of December 31, 1986 to December 31, 1987; and

(f) Policy No. 02XN111SCA with a policy period of December 31, 1986 to December 31, 1987.

11.

FFIC issued various liability insurance policies, which, subject to their terms, conditions, limitations and exclusions, insure NID and pursuant to which, if NID be found liable herein, FFIC is or will be obligated to indemnify NID (and/or be liable to plaintiffs directly) for all or part of Plaintiffs' principal demand herein against NID, including without limitation the following (the "FFIC Policies"):

(a) CGL Policy No. KXC80327799 with policy period of December 31, 1994 to December 31, 1995;

(b) CGL Policy No. XXC80353700 with policy period of March 1, 1997 to March 1, 1998;

(c) CGL Policy No. KXC80363220 with policy period of March 1, 1998 to March 1, 1999.

(d) Umbrella and Excess Policy No. CSR2163274 with a policy period of December 31,1994 to December 31,1995;

(e) Excess Policy No. XUO-2010001 with a policy period of December 31,1994 to December 31,1995;

(f) Umbrella and Excess Policy No. XSC00067964395 with a policy period of March 1,1997 to March 1,1998; and

(g) Umbrella and Excess Policy No. XSC00074495102 with a policy period of March 1,1988 to March 1,1999.

12.

Because some or all of the Plaintiffs' allegations of their principal demands, as amended, if proven true, would be covered under the policies issued by Third Party Insurer Defendants, Plaintiff's allegations herein triggered the Third Party Insurer Defendants' obligations under their respective policies to defend NID in this action.

13.

NID tendered Plaintiffs' claims to the Third Party Insurer Defendants. In response, Third Party Insurer Defendants wrongfully failed and/or refused to perform fully their obligations under their insurance policies, including without limitation by disclaiming coverage, by asserting reservations of rights without fairly and properly supporting their positions therefore, by failing to agree to provide a legal defense for Plaintiffs' instant action and/or by breaching affirmative duties to make reasonable efforts to settle Plaintiffs' claims.

## COUNT ONE:
### Declaratory Judgment

14.

NID realleges each and every allegation set forth in Paragraphs 1 through 13, inclusive.

15.

An actual controversy has arisen and now exists between NID and each Third Party Defendant relating to the duty of each to honor and perform its insurance policies. Declaratory judgment is, therefore, necessary, and NID asks for a declaratory judgment, defining the rights of NID and obligations of each Third Party Insurer Defendant under each of its liability policies insuring NID, including without limitation: the scope of the insurance coverages provided thereby, the applicability or inapplicability of asserted policy exclusion(s) (including the so called

"pollution exclusions"), the applicability or inapplicability of asserted self-insured retentions, each Third Party Defendant's obligation to provide a defense or contribute to defense costs and expenses herein, and with regard to any potential liability of NID to the Plaintiffs which may be determined at the trial of the principal demand herein, and the measure and the amount of indemnity for same under the applicable policies.

## COUNT TWO:
### Breaches of Contracts

16.

NID realleges each and every allegation set forth in Paragraphs 1 through 15 inclusive.

17.

Each liability policy issued by Third Party Insurer Defendant is a binding insurance contract by and between it and NID.

18.

Continental breached the insurance contracts between it and NID by wrongfully failing or refusing to perform fully its obligation(s) under the Continental Policies in various respects, including by asserting and maintaining reservations of rights positions that were not supported by facts or law and which Continental failed to properly explain and justify to its insured, and also by breaching its affirmative duties to make reasonable efforts to settle Plaintiffs' claims.

19.

Travelers breached the insurance contracts between it and NID by wrongfully failing or refusing to perform fully its obligation(s) under the Travelers Policies in various respects, including; (i) by asserting and maintaining reservations of rights positions not supported by facts or law (ii) arbitrarily and wrongfully asserting and maintaining the applicability of the pollution exclusion in the Travelers Policies, (ii) arbitrarily and capriciously disclaiming all of its defense and indemnity obligations under Policy No. 02 GL 460853 SCA (12/31/85-12/31/86) and Policy No. 02 GL 460863 SCA (12/31/86-12/31/87), (iii) arbitrarily, capriciously and prematurely disclaiming all defense and indemnity obligations for certain specific identified plaintiffs before those plaintiffs finished discovery or presented their claims and evidence at trial; and (iv) failing to take prompt, reasonable steps in good faith to settle claims with plaintiffs.

20.

NID has complied with the terms and conditions of the policies insuring it issued by the Third Party Insurer Defendants. NID paid all premiums on each policy; NID provided each Third

Party Insurer Defendant with notice; and all conditions precedent to NID's right to recover under each policy have been met, satisfied, or waived.

21.

Each Third Party Insurer Defendant wrongfully denied or failed to provide full coverage to NID for Plaintiffs' claims herein and in so doing breached its policy by failing to fully or timely perform its obligations thereunder.

22.

By reason of the premises, NID is entitled to recover from each Third Party Insurer Defendant damages for breach of contract in an amount to be shown at trial. Alternatively, NID is entitled to specific performance of each policy.

23.

Should NID be found legally liable to Plaintiffs herein at trial, NID is entitled to indemnity from the Third Party Insurer Defendants under the terms of their policies and/or entry of a judgment ordering the Third Party Insurer Defendants to pay such claims on NID's behalf.

24.

Although the law charged Continental and Travelers with affirmative duties to investigate the facts of the claims on their own, in good faith, especially if they intended to assert exclusions to coverage, Continental and Travelers failed to properly investigate the facts and the scope of coverage relating to this claim and thereby violated their legal duties in asserting various coverage positions, including delaying and/or failing in performance of their duties to reasonably investigate claims made, to promptly correspond and cooperate with their insured in make informed decisions about coverage and the applicable self-insured retention(s), in wrongfully asserting the pollution exclusion as precluding coverage under the policies, and in failing to promptly take steps in good faith to settle claims with plaintiffs.

25.

Although required by law to do so, Travelers failed to take substantive and affirmative steps to accumulate the facts necessary to properly analyze the allegations of the Petition or properly evaluate the claim(s) therein. Travelers failed to demonstrate requisite good faith and willingness to comply with the duties imposed upon them under Policy No. 02 GL 460853 SCA (12/31/85-12/31/86) and Policy No. 02 GL 460863 SCA (12/31/86-12/31/87).

26.

In breaching their legal duties Continental and Travelers breached their corollary duties of good faith as contemplated by Articles 1759, 1983, 1996, and 1997 of the Louisiana Civil Code and other applicable laws, thereby making Continental and Travelers, liable to NID for all foreseeable and unforeseeable damages that their conduct caused NID.

**COUNT THREE:**
**Extra-Contractual Liability for**
**Damages, Penalties, and Attorneys'**
**Fees under Louisiana Title 22**

27.

NID realleges and reavers each of the allegations set forth in Paragraphs 1 through 26, inclusive.

28.

Travelers acted with actual knowledge and/or reckless disregard of the lack of reasonable basis: (i) in asserting the pollution exclusion arbitrarily and without cause; (ii) in disclaiming coverage under Policy No. 02 GL 460853 SCA (12/31/85-12/31/86) and Policy No. 02 GL 460863 SCA (12/31/86-12/31/87), (iii) in ignoring or declining its insured's requests for an explanation for its improper coverage positions, (iv) in delaying and/or denying a legal defense for NID for Plaintiffs' claims under Policy No. 02 GL 460853 SCA (12/31/85-12/31/86) and Policy No. 02 GL 460863 SCA (12/31/86-12/31/87), (iv) in failing to conduct a reasonable investigation into the claims and failing to reasonably evaluate the available information; (v) in failing to take required substantive and affirmative steps to accumulate the facts necessary to evaluate Plaintiffs' claims; (vi) in failing to carry out its affirmative duties to verify, through a reasonable investigation, whether Plaintiffs' claim against NID were actually excluded from coverage, (vii) in choosing to resist its contractual obligations to NID based upon supposed defenses which a reasonable investigation would have proved to be without merit, and (viii) in erring in interpreting its own insurance contracts and therefore unreasonably denying or delaying the payment of claims.

29.

Continental acted with actual knowledge and/or reckless disregard of the lack of reasonable basis: (i) in asserting the pollution exclusion arbitrarily and without cause; (ii) in ignoring or delaying its response regarding its insured's communications and requests for information and policies issued by Continental liability policies incepting on or after January 1, 1989, (iii) in ignoring or delaying its response regarding NID's tenders of plaintiff's claims under liability policies incepting on or after January 1, 1989, (iv) in ignoring or declining its insured's requests

for an explanation for its improper coverage positions, (v) in failing to conduct a reasonable investigation into the claims and failing to reasonably evaluate the available information; (vi) in failing to take required substantive and affirmative steps to accumulate the facts necessary to evaluate Plaintiffs' claims; (vii) in choosing to resist its contractual obligations to NID based upon supposed defenses and improper assessments regarding the number and amount of self-insured retentions which a reasonable investigation would have proved to be without merit, and (viii) in erring in interpreting its own insurance contracts and therefore unreasonably denying or delaying the payment of claims.

30.

The foregoing acts and omissions, as well as Travelers' and Continental's overall handling of NID's tenders and requests for defense, indemnity, information, copies of policies, cooperation, and settlement authority for it appointed defense counsel, were arbitrary, capricious, and without probable cause and amounted to a failure by Travelers and Continental to comply with their statutory obligations under Louisiana Revised Statutes §§ 22:1892 and 22:1973.

31.

NID is entitled to damages, penalties, and attorneys' fees based on the failures and/or delays of Travelers in responding to the claim(s), and Travelers' AND Continental's arbitrary and capricious refusal to honor their contractual obligations with respect thereto.

**PRAYER**

WHEREFORE, Defendant/Third Party-Plaintiff, NID Corporation, prays:

A. That Third Party Insurer Defendants, The Continental Insurance Company, Travelers Casualty and Surety Company, and Fireman's Fund Insurance Company, be duly cited and served with citation and a certified copy of this copy of this Third Party Petition, as well as the underlying Plaintiff's Petition and all amendments thereto;

B. That there be judgment dismissing Plaintiffs' claims against NID Corporation with prejudice at Plaintiffs' sole cost; alternatively, should NID be found legally liable to Plaintiffs herein at trial, NID prays for a judgment awarding it indemnity from the Third Party Insurer Defendants under the terms of their insurance policies and/or entry of a judgment ordering the Third Party Insurer Defendants to pay such claims on NID's behalf in accordance with their policies.

C. That after due proceedings be had, that there be judgment rendered herein declaring the rights of NID Corporation and the obligations of the Third Party Insurer Defendants, The Continental Insurance Company, Travelers Casualty and Surety Company, and Fireman's Fund Insurance Company, under each of their issued insurance policies with respect to its construction, the insurance coverage provided thereunder for NID with respect to Plaintiff's claims herein, NID's right to a legal defense and payment of insurance proceeds for Plaintiffs' claims, and the measure and the amount of same, and that the Third Party Insurer Defendants are obligated to provide NID a full and complete legal defense and indemnity of Plaintiffs' claims in accordance with the terms of the policies and the law;

D. That after due proceedings be had, that there be judgment entered herein in favor of Defendant/Third Party-Plaintiff, NID Corporation and against Third Party Insurer Defendants, The Continental Insurance Company, Travelers Casualty and Surety Company, and Fireman's Fund Insurance Company, awarding NID damages in an amount to be shown at trial plus interest or specific performance for breach of each insurance contract.

E. That after due proceedings be had, that there be judgment entered herein in favor of Defendant/Third Party-Plaintiff, NID Corporation and against Third Party-Defendants, finding that The Continental Insurance Company and Travelers Casualty and Surety Company breached their duties of good faith as contemplated by Articles 1759, 1983, 1996, and 1997 of the Louisiana Civil Code and other applicable laws and therefore making them additionally liable to NID for all foreseeable and unforeseeable damages that their wrongful conduct caused NID;

F. That after due proceedings be had, that there be judgment entered herein in favor of Defendant/Third Party-Plaintiff, NID Corporation and against Third Party-Defendants, Travelers Casualty and Surety Company and The Continental Insurance Company, awarding NID statutory penalties and attorneys' fees under Title 22 based on the arbitrary and capricious failures and claims handling of Travelers Casualty and Surety Company in connection with its refusal to honor its insurance contracts.

G. For recovery of all such other and further general and specific relief in law or equity as the justice of this cause may require and permit.

Filed this 1st day of March 2024.

Respectfully submitted,

Robert S. Stassi (La. Bar No. 25259)
Russell L. Foster (La. Bar No. 26643)
Rebecca D. Areaux (La. Bar # 38508)
Charles M. Meeks (La. Bar No. 40448)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
stassi@carverdarden.com
nizialek@carverdarden.com
foster@carverdarden.com
meeks@carerdarden.com

**Attorneys for Third Party Plaintiff,**
**NID Corporation**
**(for insurance claims)**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleadings has been served via email and/or via United States Mail, properly addressed, and postage prepaid this 1st day of March 2024, on all counsel of record in this proceeding.

**PLEASE ISSUE CITATION TO, AND SERVE THIS THIRD PARTY PETITION AND REQUEST FOR PRODUCTION, ALONG WITH CERTIFIED COPIES OF THE PETITION, AMENDED PETITION, SECOND AMENDED PETITION, THIRD AMENDED PETITION AND FOURTH AMENDED PETITION, ON:**

    (a) Continental Insurance Company
        c/o its agent for service of process:
        Louisiana Secretary of State
        8585 Archives Ave.
        Baton Rouge, LA 70809

    (b) Travelers Casualty and Surety Company
        c/o its agent for service of process:
        Louisiana Secretary of State
        8585 Archives Ave.
        Baton Rouge, LA 70809

    (c) Fireman's Fund Insurance Company
        c/o its agent for service of process:
        Louisiana Secretary of State
        8585 Archives Ave.
        Baton Rouge, LA 70809

4884-0619-2292, v. 6