UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS ANDERSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1157** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Pan-American Life Insurance Company ("PALIC").[1] Having considered the motion, the parties' respective memoranda, the record, and the applicable law, the Court grants PALIC's motion for all the following reasons.

**I.    BACKGROUND**

PALIC, a life insurance company headquartered in New Orleans, previously owned a building located at 2400 Canal Street in New Orleans ("the Property"). In 1982, PALIC sold the Property to the predecessor of NID Corporation. NID's predecessor immediately began renting the Property to the City of New Orleans ("the City"). In 1985, the City purchased the Property from NID's predecessor. As a result of this transaction, the City became both the owner and occupant of the Property. In December of 1999, drums located on the Property began emanating smoke. In total, nineteen drums that allegedly contained toxic material were removed from the Property. In May of 2000, over 1000 individuals who had been employed by the City brought a putative class action against the City in Louisiana state court, alleging they had suffered injuries as a result of their exposure to toxic material at the Property between 1982 and December of 1999. In 2001, PALIC and others were added to the state court lawsuit as additional defendants. Class certification for the employees was eventually denied, leaving a mass action in which the claims of the individual plaintiffs are being tried in waves.

---

[1] R. Doc. 17.

On April 5, 2024, shortly before the start of the trial on the claims of the first wave of plaintiffs in the state court action, *Thomas Anderson, et al. v. City of New Orleans et al.,* No. 2000-7489, Division "J", Civil District Court for the Parish of Orleans, State of Louisiana ("the *Anderson* suit"), PALIC filed an unopposed motion for leave to file a third-party petition against all of the liability insurers and excess liability insurers that had issued policies to PALIC during the time period at issue in the *Anderson* suit.[2] PALIC claims these insurers have a duty to defend and indemnify PALIC from the claims asserted in the *Anderson* suit.[3] Because the trial of the first wave of plaintiffs was scheduled to begin on April 16, 2024, PALIC filed a motion to sever its coverage claims from the *Anderson* suit plaintiffs' claims.[4] In particular, PALIC sought to sever for a separate trial, before the Court alone, the claims asserted in its Third-Party Petition on the issues of insurance coverage pursuant to Louisiana Code of Civil Procedure Article 1562D.[5] The state court granted PALIC's motion to sever for separate trial on April 9, 2024.

On May 6, 2024, CNA Financial Corporation, one of the third-party insurer defendants, removed to this Court PALIC's third-party claims, which CNA described in its removal papers as a "third-party action."[6] The other third-party insurer defendants consented to the removal.[7] CNA contends this Court has diversity jurisdiction over PALIC's claims pursuant to 28 U.S.C. § 1332, because PALIC, a citizen of Louisiana, is diverse from the third-party insurer defendants, all of

---

[2] R. Doc. 2-15 at 16. PALIC's third-party demand names the following insurance carriers as defendants: Century Indemnity Company; ACE Property & Casualty Insurance Company; Westchester Fire Insurance Company; ACE Fire Underwriters Insurance Company; Federal Insurance Company; Great Northern Insurance Company; CAN Financial Corporation; American Casualty of Reading PA; Transcontinental Insurance Company; American International Group, Inc.; Lexington Insurance Travelers Casualty and Surety Company; Gulf International.
[3] R. Doc. 2-15 at 19.
[4] R. Doc. 2-15 at 12.
[5] *Id.*
[6] R. Doc. 2.
[7] R. Doc. 2-2.

which are citizens of states other than Louisiana, and the amount in controversy exceeds $75,000, exclusive of interest and costs.[8]  CNA also contends that despite its status as a third-party defendant, removal is proper here because, under the holding of *Cent. of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970), a third-party action that has been severed from the main demand may be removed pursuant to 28 U.S.C. § 1441.[9]

On June 6, 2024, PALIC filed the instant motion to remand.[10] PALIC argues the exception created in *Riegel* was implicitly overruled by the Supreme Court in *Home Depot U.S.A. v. Jackson*, 587 U.S. 435 (2019), because the reasoning behind *Riegel*'s holding, i.e., that a third-party defendant is a "defendant" within the meaning of the removal statute with respect to the claims brought against it, was specifically rejected in *Home Depot*.[11] In particular, the third-party counterclaim defendant in *Home Depot* argued that it was a "defendant" with removal authority under § 1441(a) because it was a defendant in the counterclaim filed against it, and the Supreme Court specifically rejected that argument.[12] PALIC contends that under *Home Depot*'s holding, the only defendant with § 1441 removal authority is a defendant in the operative complaint, which, here, would be PALIC and the other defendants named in the amended petition filed by the *Anderson* suit plaintiffs, not the third-party insurer defendants named in PALIC's third-party petition.[13]

Three opposition memoranda were filed in response to PALIC's motion.[14] Though filed separately, the memoranda all raise two main arguments. First, the insurer defendants argue that

---

[8] R. Doc. 2 at 5–6.
[9] *Id.* at 4.
[10] R. Doc. 17.
[11] R. Doc. 17-2 at 5–9.
[12] *Id.* at 5–6.
[13] *Id.* at 5, 9.
[14] R. Docs. 18–20.

3

PALIC's motion is untimely. They contend that a challenge to the propriety of third-party defendant removal is considered "procedural" and, thus, must be raised within 30 days of the filing of the Notice of Removal. Because the Notice of Removal was filed on May 6, 2024, and PALIC's motion to remand was not filed until 31 days later, on June 6, 2024, the insurer defendants contend PALIC waived its right to challenge this procedural defect. Second, the insurer defendants argue *Home Depot* did not implicitly overrule the exception in *Riegel*. The insurer defendants distinguish the facts in *Home Depot* from the facts of *Riegel* and this case, arguing that third-party demands that have been severed from the main action remain removeable even after *Home Depot*.

In its reply, PALIC argues that even if it has waived its right to challenge the procedural defect in removal, remand is still required because this case suffers from a jurisdictional defect, namely, lack of subject matter jurisdiction, that cannot be waived.[15] PALIC contends that before the Court even reaches the question of whether there was a procedural defect, it must consider whether the action is one over which the district courts have original jurisdiction.[16] PALIC points to the Supreme Court's instruction in *Home Depot*, that the "civil action" over which the district court must have original jurisdiction is the "action" as defined by the original plaintiff's operative complaint. PALIC argues that this Court must evaluate its jurisdiction by considering the *Anderson* suit plaintiffs' operative complaint, which involves Louisiana citizens asserting state-law claims against a Louisiana defendant, PALIC.[17] Thus, PALIC contends this Court does not have original jurisdiction over the action because there is no diversity of citizenship or federal question.[18] And just as the filing of a counterclaim could not serve as the basis for jurisdiction in *Home Depot*,

---

[15] R. Doc. 21.
[16] *Id.* at 1–2.
[17] *Id.* at 3.
[18] *Id.*

PALIC argues the filing of a third-party demand likewise cannot be used to establish jurisdiction here.[19] PALIC therefore concludes this case was not removable and should be remanded.

## II.   LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[20] "Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court."[21] "The removing party bears the burden of showing that federal jurisdiction exists."[22] Because removal raises significant federalism concerns, courts must strictly construe the removal statute, and any doubts regarding whether removal jurisdiction is proper must be resolved in favor of remand.[23]

To determine whether a state court civil action is one over which the federal courts would have original jurisdiction, courts must consider whether the plaintiff's operative complaint could have been filed in federal court.[24] Relying on the allegations in PALIC's Third-Party Petition, CNA contends the Court has jurisdiction over PALIC's claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, because there is diversity of citizenship between PALIC and the third-party insurer defendants and because the amount in controversy exceeds $75,000.00.[25] The Court finds CNA's reliance on PALIC's Third-Party Petition is misplaced. The Supreme Court, in *Home Depot U.S.A. v. Jackson*, 587 U.S. 435 (2019), distinguished between "civil actions" and "claims," explaining that the removal statute allows for removal of "civil actions," not "claims."[26] The

---

[19] *Id.* at 3–4.
[20] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).
[21] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).
[22] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[23] *Gasch*, 491 F.3d at 281–82.
[24] *Home Depot U.S.A. v. Jackson*, 587 U.S. 435, 441–42 (2019).
[25] R. Doc. 2 at 4–6.
[26] *Home Depot*, 587 U.S. at 441–42.

Supreme Court further explained that "the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action *as defined by the plaintiff's complaint*."[27] Thus, a counterclaim—or, here, a third-party petition—"is irrelevant to whether the court [would have] original jurisdiction over the civil action."[28]

CNA and the other third-party defendant insurers assert that PALIC's claims were severed from the *Anderson* suit plaintiffs' claims and that the effect of this severance was the creation of a separate action.[29] They are wrong. Granted, if the state court had created a separate action, such that PALIC had become the original plaintiff of that action, and its third-party petition actually became the operative complaint, then the Court could rely on PALIC's third-party petition for purposes of establishing jurisdiction, as the third-party insurer defendants urge.[30] But, close

---

[27] *Id.* at 442 (emphasis added).

[28] *Id.*

[29] *See* R. Doc. 2 at 8 ("[T]he state court severed Pan-AM's Third Party Petition from the Principal Petition creating a separate action from the Principal Petition"); R. Doc. 19 at 3 ("[T]he state court performed judicial surgery severing PALIC's Demand from the underlying case . . .. The Third Party Demand is therefore now regarded as a separate lawsuit, unattached to the main case."); R. Doc. 20 at 12–13 (describing the state court procedure as a severance that results in two different operative complaints and two different actions).

[30] The third-party defendant insurers cite to *Lewis v. Fed. Nat'l Mortg. Ass'n*, No. 2:20-CV-01228-CLM, 2020 WL 9264805 (N.D. Ala. Nov. 4, 2020), *aff'd,* No. 21-13310, 2022 WL 458267 (11th Cir. Feb. 15, 2022). In that case, Mr. Lewis was sued in Alabama state court over a quitclaim deed. *Lewis*, 2020 WL 9264805, at *1. He then filed a third-party complaint, adding Fannie Mae and MERS as third-party defendants. *Id.* The state court severed Mr. Lewis's claims against Fannie Mae and MERS pursuant to Alabama Rule of Civil Procedure 21, which, in relevant part, states that "[a]ny claim against a party may be severed and proceeded with separately." *Id.* "The state court's order directed the clerk to 'create a new action, with a separate case number,' that made Lewis the plaintiff and Fannie Mae and MERS defendants." *Id.* Fannie Mae and MERS then removed the action against them to federal court, and Lewis filed a motion to remand. *Id.* When the federal district court considered whether it had original jurisdiction over the action, it considered the facts related to the new action that was created, with Lewis as the sole plaintiff and Fannie Mae and MERS as the only two defendants. *Id.* The court found it could exercise diversity jurisdiction over that action and denied the motion to remand. In doing so, the court rejected Mr. Lewis's argument that diversity jurisdiction was lacking because there were other defendants to the action who shared his citizenship. The court explained that "Lewis fails to acknowledge that the state court severed MERS and Fannie Mae from the quiet title action and directed the clerk to 'create a new action, with a separate case number.' That new action only has three parties, Lewis as plaintiff and Fannie Mae and MERS as defendants. That's the case that Defendants removed, and diversity exists among those three parties." *Id.* at 2. This Court agrees with the reasoning in *Lewis*, but for the reasons explained herein, the facts of *Lewis* are distinguishable from the facts of the instant matter, necessitating a different result.

6

scrutiny of the state court record in this action reveals the state court merely severed PALIC's claims from the principal demands for separate trial, to the court alone, pursuant to Louisiana Code of Civil Procedure Article 1562D.[31] The state court did not order the creation of a separate civil action. And nothing in La. C.C.P. 1562D indicates a separate civil action was or should have been created. La. C.C.P. 1562D is simply a procedural mechanism that allows issues in the same case (or action) to be tried separately.[32] Thus, the effect of the state court order was merely that PALIC's claims would be tried separately from the *Anderson* plaintiffs' claims; PALIC's claims remained part of the broader *Anderson* action.

Because PALIC's claims remain part of the *Anderson* action, the *Anderson* action is the relevant civil action this Court must consider when determining whether it has jurisdiction.[33] This determination must be made from the *Anderson* plaintiffs' operative complaint.[34] Here, the *Anderson* plaintiffs could not have filed their amended petition in federal court because that petition does not satisfy the legal requirements necessary for the Court to exercise either diversity jurisdiction or federal question jurisdiction. Indeed, diversity of citizenship between the parties is

---

[31] Louisiana Code of Civil Procedure Article 1562D states:
> If it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice, at any time prior to trial on the merits, the court may order, with the consent of all parties, a separate trial on the issue of insurance coverage, unless a factual dispute that is material to the insurance coverage issue duplicates an issue relative to liability or damages. The issue of insurance coverage shall be decided by the court alone, whether or not there is to be a jury trial on the issue of liability or damages.

[32] *See supra* note 31.

[33] The Court notes that CNA attempted to remove only PALIC's claims asserted in its Third-Party Demand, not the entire *Anderson* action. But because PALIC's claims were not their own separate action, and because only "civil actions," not individual claims, are removable, the effects of CNA's removal should have applied to the entire *Anderson* action.

[34] *See Home Depot*, 587 U.S. at 441–42.

7

lacking, and the claims asserted do not arise under federal law. Accordingly, the Court lacks subject matter jurisdiction, and remand is required.[35]

## III.   CONCLUSION

For the foregoing reasons, PALIC's Motion to Remand (R. Doc. 17) is **GRANTED**.

Accordingly, **IT IS ORDERED** that the above-captioned matter be **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana, this 29th day of September 2025.

_____
**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**

---

[35] Because remand is required due to the Court's lack of subject matter jurisdiction, the Court need not address the parties' arguments regarding the propriety of third-party defendant removal or the potential waiver of the right to challenge removal on that basis.